ELIZABETH M. HAYES, PROSECUTRIX, v. CITY OF ATLANTIC CITY, RESPONDENT.

Argued January term, 1930—Decided July 17, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutrix, *Cole & Cole.*

For the respondent, *Joseph B. Perskie.*

PER CURIAM.

This is a writ of *certiorari* issued at the instance of Elizabeth M. Hayes to test the validity of her dismissal from the position held by her in the Atlantic City police department. This is her record: In January, 1926, the director of public safety, being then also mayor of the city, notified the city comptroller that the prosecutrix had been appointed as a stenographer in the detective bureau and directed that she be placed on the payroll. On January 11th, the chief of police wrote to the comptroller confirming the letter of the mayor. On March 3d following, the chief of police wrote further to the comptroller as follows: "This is to notify you that Elizabeth M. Hayes has been appointed as a police woman as of March 1st, 1926, salary to start at $1,500 a year." Her name was then placed on the police payroll and her salary was paid and increased from time to time as the salaries of the police were increased. There was also deducted two

per cent. semi-monthly from her salary for the police pension fund, provided for by chapter 299 of the laws of 1906. This appears to be the whole record upon which is based her claim for the intervention of the court to set aside her dismissal.

We incline to think that the writ should be dismissed. The appointing power was under the city ordinance and the law in the director of public safety. The chief of police was without such authority. The only semblance of right that the prosecutrix has to hold office is under the appointment of January 6th whereby she became a stenographer in the department, and this did not entitle her to the status of a police woman.

It is contended that the case of *Campbell* v. *Brennan,* 6 *N. J. Adv. R.* 1791, interpreting chapter 212 of the laws of 1920, is sufficient to give the prosecutrix status. This act provides that "in cities other than those of the first class, clerks of the bureau of detectives, or detective department having charge of the filing and docketing of police records of said bureau, and clerks or secretaries to the chief of police, shall be members of the police force of such city." There was nothing to indicate that the prosecutrix comes within either classification. She is in the first place a stenographer, and not a clerk, and certainly not a clerk having charge of the docketing and filing of police records; nor was she a clerk or secretary to the chief of police. She is, therefore, not aided by the act, and not being protected by any statute granting tenure of office, we cannot say that the municipal action in dispensing with her services was unlawful.

The writ is accordingly dismissed, with costs.