Burggraf *v.* Shields, Mayor, et al., Appellants.

Argued October 3, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Phillips Saylor,* with him *Tillman K. Saylor,* City Solicitor, for appellants.

*Walter C. Herrmann,* with him *Joseph H. Holzman,* for appellee.

OPINION BY MR. JUSTICE DREW, December 5, 1938:

This is an appeal by the mayor and the chief of police of the City of Johnstown from a decree that a writ of peremptory mandamus issue, commanding them to permit the petitioner, August W. Burggraf, to resume his position as a police officer of the city, to perform his duties as such officer, and also to certify for payment the salary due him from the time he was relieved from duty by the mayor on February 1, 1936.

The following material facts are not in dispute: From 1912 to 1923 petitioner was a patrolman in the police department of the City of Johnstown, and in 1923, because of the illness of the then keeper of the city jail, he was assigned to perform the duties of the keeper by the chief of police. When the keeper died, petitioner requested the mayor to place his name before council as an applicant for the position, and he was duly elected to the

office on February 26, 1924. He accepted the election, filed a bond in the sum of $5,000, as required by the city ordinance, and served continuously in that capacity until about February 1, 1936, when he was discharged and another person appointed to the position. Petitioner claims that from 1924 to 1936 he was a police officer of the City of Johnstown, and that therefore he cannot be dismissed by the mayor or council without charges being preferred against him as provided by The Third Class City Law of June 23, 1931, P. L. 932, section 4408.

The office of keeper of the city prison was created by an ordinance passed January 6, 1914. That ordinance, together with one of February 9, 1926, provided for the appointment of "a suitable person" as keeper of the city prison, and also that he "shall be under the supervision and control of the Chief of Police." A careful examination of these ordinances shows, without question, that the office of keeper of the prison is independent and distinct from the city police department. There is nothing contained therein to indicate that the holder of the position should be a member of that department. Separate appropriations were made for the payment of the salaries of the members of the police force and that of the keeper. That petitioner happened to be a member of the police force when appointed was a mere coincidence. In accepting the position of keeper, he necessarily retired as a policeman.

The petitioner knew full well that during the time he served as keeper he was not a member of the police department. He realized that he had severed his connection with that department when he accepted the position of keeper, and during the many years he filled the office he knew it was independent of the police department. This is conclusively shown by the fact that on or about January 1, 1929, he directed a letter to the city council requesting that "he be restored to his former classification as a patrolman eligible to a pension." It does not appear that any action was taken on his request, but it

does appear that he continued for almost seven years thereafter as keeper of the city prison, and that it was not until after his discharge that he insisted that during the whole period of this service he was a member of the police department. It is obvious that there is no merit in his contention.

Judgment reversed; costs to be paid by appellee.