CITY OF LAUREL *v.* REDDOCH.

(In Banc. June 10, 1946.)

[26 So. (2d) 465. No. 36114.]

Welch & Cooper, of Laurel, for appellant.

Leonard B. Melvin, of Laurel, for appellee.

Argued orally by **David C. Welch,** for appellant, and by **Leonard B. Melvin,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

The appellee was a member of the appellant's fire department, was discharged therefrom, appealed to the City Civil Service Commission and being dissatisfied with the order made by it, appealed to the court below, which rendered a judgment in his favor. The record discloses that in February, 1945, the City of Laurel maintained four fire stations with a fire captain at each, the entire fire department being under the supervision and control of a fire chief. There was also an assistant fire chief who discharged the duties of the chief in his absence and in addition, as appurtenant to his position as assistant fire chief, discharged the duties of an additional captain at Station No. 1. On February 12, 1945, the appellee was the appellant's assistant fire chief and had been such for

some years. On that day the mayor and commissioners of the city adopted the following order:

"By unanimous vote of the Mayor and Board of Commissioners, it is ordered that, for the purpose of curtailment of expenditures and reduction in force in the Fire Department, the office of Assistant Fire Chief in the fire department be and the same is hereby abolished, effective February 15, 1945, and that Cliff Reddoch, now Assistant Fire Chief, be dismissed effective as of that date, with pay from Feb. 15th to March 1st, 1945, to enable him to have time to obtain other employment."

On the same day the city clerk wrote and mailed the following letter to the appellee:

"For the purpose of curtailment of expenditures and reduction in force in the fire department, it was unanimously voted to abolish the office of Assistant Fire Chief in the fire department, effective February 15, 1945.

"We are pleased to enclose herewith, warrant for services from Feb. 15, to March 1st, 1945 and if there is any way we can assist you at any time in obtaining other employment, it will be a pleasure to do so."

The mayor and commissioners then added another captain giving him the added duties of assistant fire chief theretofore performed by appellee. The appellee then carried the matter to the city's Civil Service Commission, which made an order setting forth: "The Commission is of the opinion that the City Commission has the authority to abolish the job of assistant fire chief of the Fire Department and that is a matter within their power and this Commission has nothing to do with it. We further think that Mr. Reddoch will be entitled to another job in the department to which his length of service would entitle him. Since that is true, Mr. Reddoch can go to the Commissioners and request employment in another capacity, and if he feels aggrieved at the Commissions' action on that request, then this Commission will have authority to hear him on this grievance."

The appellee thereupon appeal to the court below, the stated ground therefor being in effect that the Civil Service Commission erred in holding that the Mayor and Commissioners had the right to abolish the position of assistant fire chief and that the appellee should be "required to take a demotion in employment in another or like position." When the case came on for trial in the court below the appellee filed a motion requesting the court "to quash the decision of the Civil Service Commission of the City of Laurel," hereinbefore set out. One of the grounds of which is "that said purported dismissal was unlawful and void and was not made in good faith, and was not made for cause, that no charges have been preferred against him as required by Section 10 of Chapter 208 of the Laws of 1944 which written charges and services upon the defendant were necessary and essential to give the Commission or to give this Court jurisdiction of this hearing."

The court below thereupon after empanelling a jury proceeded to try the case on this motion, which we will assume for the purpose of the argument presented the issue, which Section 10, Chapter 208, Laws 1944, required the court below to try. McLeod v. Civil Service Commission of the City of Jackson, 198 Miss. 721, 21 So. (2d) 916, and 199 Miss. 676, 24 So. (2d) 319. After hearing the evidence the court on its own motion withdrew the case from the jury "and adjudged . . . Clifford Reddoch be and he is hereby reinstated in and restored to his position as assistant fire chief in the fire department of the City of Laurel, with all of the immunities, rights, privileges, and emoluments and appurtenances thereto, as if all the orders, ordinances, resolutions and minutes of the City of Laurel and the judgment of the Civil Service Commission of said City with respect to the disposal and discharge of the defendant had not been made, adopted and entered."

It will be noted no charge whatever was made against Reddoch. In fact the mayor and commissioners, as shown

above, wrote him they would be glad to assist him in getting other employment. No other position was offered Reddoch, the stated reason for not so doing being that he had said that he would not accept any position other than that of assistant fire chief. The good faith of the Civil Service Commission in making the order appealed from is not, and on the evidence could not be, challenged. The evidence presented no question of fact for the decision of the jury and while the action of the court below in withdrawing the case from the jury in the absence of a request by the parties for an instruction so doing, may have been irregular no objection was made thereto in the court below and no harm to either resulted therefrom for the reason that in the last analysis the question for decision was one of law and not of fact.

Under Section 3435, Code 1942, the appellant is authorized to "provide for and maintain a fire department and system, and to regulate the same;" and under Section 3803 thereof, is authorized to "create, fill or to discontinue any and all offices and employments other than those created herein." Chapter 208, Laws 1944, does not withdraw these powers from municipalities, but in this connection determines only what are the rights of a fireman whose position has been abolished.

As appears from what has been hereinbefore said, the appellee, by virtue of his position as assistant fire chief, was ex officio a captain and discharged the duties of that position when necessary. Consequently, when the mayor and commissioners abolished his position as assistant fire chief as they had the right to do, he was not thereby automatically removed from service in the city's fire department but should have been given by them, for aught that appears in this record, the captaincy therein which included the duties of assistant fire chief, but if he did not want that position he could have applied for another in the fire department, his right to which, based on seniority and length of service, to be determined in the first instance by the mayor and commissioners, hav-

ing regard to the rights of other employees, subject to review by the Civil Service Commission as the statute provides. He did not have to "request employment in another capacity," or in another "department," as the order of the Civil Service Commission wrongfully assumed. He was entitled to employment in the fire department. See Sections 6 and 10, Chapter 208, p. 366, Laws 1944. He had a right to contest his discharge without losing his right to re-employment. It might be added here that Reddoch had over twelve years accumulated retirement benefits, and was eligible for retirement within about seven years, a valuable right and one of importance to him not to lose.

What happened was that the mayor and commissioners wrongfully assumed that the abolition of the appellee's position as assistant fire chief automatically retired him from the fire department and the appellee wrongfully assumed that the mayor and commissioners were without the right to abolish his position as assistant fire chief.

There being no question of fact for submission to the jury the court below after withdrawing the case from it should have entered an order to the effect, first, that the mayor and commissioners had the right and power to abolish the position of assistant fire chief; second, that Reddoch was entitled to the captaincy which included the duties of assistant fire chief, but, third, if he did not desire that place, he could apply for another, his right to which to be determined in the first instance by the mayor and commissioners, giving due consideration to the seniority rights and length of service of Reddoch and the other municipal employees, subject to review by the Civil Service Commission as the statute provides. That order will be entered here.

So ordered.

DISSENTING OPINION.

**Sydney Smith, C. J.**, delivered a dissenting opinion.

The path traveled by this case through the court below, and to final judgment here, and the uncertainty of the issue to be tried under it in the Circuit Court, as will appear from City of Jackson v. McLeod, 199 Miss. 676, 24 So. (2d) 319, demonstrate that this crude and confusing statute, Chap. 208, Laws 1944, should be rewritten so as to clearly set forth both its substantive and procedural purposes. Under Section 10 of the statute the discharge by a city's mayor and commissioners of a member of the city's fire department may, on his demand, be investigated by the city's Civil Service Commission, created under Section 1 of the statute. This "investigation," so declares that section of the statute, "shall be confined to the determination of the question of whether such . . . discharge was or was not made for political or religious reasons and was or was not made in good faith or cause." After making the investigation, the Civil Service Commission may either affirm or annul this discharge. If dissatisfied with the commission's decision, the discharged fireman may appeal to the Circuit Court of the county wherein he resides. The trial in that court, in the language of Section 10 of the statute, "shall be confined to the determination of whether the judgment or order or removal, discharge, demotion or suspension made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds."

While the statute seems to require no new pleadings in the Circuit Court, it is clear from it that the appealing fireman, who is the plaintiff therein, has the burden of proving that the order made by the Civil Service Commission "was not made in good faith or cause," and the procedure before the jury should conform to that in other jury trials in the Circuit Court. This course was not

pursued in the court below, but the appellant, the discharged fireman, filed a motion therein to quash the order of the Civil Service Commission, on the trial of which the evidence was pointed, not at the good faith of the Civil Service Commission in making the order appealed from, but to the good faith of the mayor and commissioners in discharging the appellee.

As pointed out in the controlling opinion, the mayor and commissioners had the right to abolish the position of assistant fireman in its fire department; but the abolishment thereof here did not automatically result in the discharge of the appellee. He should have then been given a position as captain in the fire department, or its equivalent, had he so requested, but which he failed to do, and it is clear from the evidence, would not have accepted had it been offered him. This being true no question remained for the decision of the jury. Consequently, when the court below withdrew the case from the jury, nothing remained for it to do but affirm the order made by the Civil Service Commission.

What here happened was that the mayor and commissioners wrongfully assumed that the abolition of the appellee's position as assistant fire chief automatically retired him from the fire department and the appellee wrongfully assumed that the mayor and commissioners were without the right to abolish his position as assistant fire chief. The basis of his appeal to the Civil Service Commission, to the court below, and to this Court, is, not that he was entitled to remain a captain in the city's fire department, but that he was entitled to remain and be designated as the city's assistant fire chief. The Civil Service Commission, after correctly holding that the mayor and commissioners had the right to abolish the position of assistant fire chief, did the appellee full, if not more than, justice by holding that he had the right to do that which he could and should have done in the first instance—apply to the mayor and commissioners for employment in another capacity, that is, other than as

assistant fire chief, and he has no just cause of complaint threat. The relative rights of the appellee and other members of the appellant's fire department, growing out of the abolition of the position of assistant fire chief, could best be determined in the first instance by the mayor and commissioners, and if dissatisfied therewith the appellee's remedy would be an appeal to the Civil Service Commission, and from there, if necessary, to the Circuit Court.

The statute failed to prescribe what judgment the Circuit Court should render if the order of the Civil Service Commission should be affirmed. This omission may be harmless; but it is not when that order is disapproved, as my associatees have here done. The statute should clearly provide whether, in that event, the case should be remanded to the court below, and by it to the Civil Service Commission, or whether the Supreme Court should make the order which the Civil Service Commission, in its judgment, should have made. My associates have here exercised the latter power, without seeking to justify it, either as being expressly, or by necessary implication, conferred.

The judgment of the court below should be reversed, and one rendered here, affirming the order of the Civil Service Commission.