## SCOTT, MAYOR OF CITY OF LAUREL *v.* LOWE.

No. 39503 February 28, 1955 78 So. 2d 452

*Welch & Gibbes, Deavours & Hilbun,* Laurel, for appellants.

*Melvin, Melvin & Melvin,* Laurel, for appellee.

ETHRIDGE, J.

This case raises for the first time the question of whether a civil service employee of a city can obtain a judicial review by injunction in chancery of an action of municipal officers allegedly affecting his job, or whether the statutory method of appeal provided for in such cases is his exclusive remedy.

Earl Lowe, appellee, brought this suit in the Chancery Court of the Second Judicial District of Jones County against the Mayor and Commissioners of the City of Laurel, and Henry Sullivan, chief of the city fire department, appellants and defendants below, to enjoin a threatened transfer of him to another fire station. The action is based upon complainant's rights under the Civil Service Act of 1944. Mississippi Laws 1944, Ch. 208; Miss. Code 1942, Secs. 3825-01 to 3825-17. Defendants' demurrer to the bill was overruled, and they were allowed an

interlocutory appeal. In view of this disposition of the case in the chancery court, the following statement of facts is based upon the allegations in the bill.

Lowe has been a fireman with the fire department of the City of Laurel for a number of years, and has attained the rank of Assistant Fire Chief. He is stationed at Fire Station No. 1, which is the central station of the city fire department. The fire department and complainant are subject to the Civil Service Act. The bill avers that by virtue of his rank, seniority, and position, complainant has earned certain rights and privileges not common to other members of the fire department of lesser rank and seniority; and that in the absence of the fire chief, defendant Henry Sullivan, complainant is the superior officer of the fire department and has charge of all other fire stations and firemen. Despite these facts, the defendants have "threatened to remove, demote and transfer the complainant from his present position at Fire Station Number One in the City of Laurel to one of the outer Fire Stations, there being three in number; that if the same is done, it will in effect, amount to a demotion and will take from the complainant certain privileges, obligations and authorities which he now has by virtue of his rank, seniority and position and will be tantamount to taking away from him his position of Assistant Fire Chief of said Fire Department at the Number One Fire Station in the City of Laurel."

The bill further charges that complainant is a permanent member of the civil service under the statute, and that defendants are without authority to demote, remove, or transfer him except for good cause, and then only upon a written accusation and hearing before the Civil Service Commission; that none of these conditions have occurred; that the fire chief, Sullivan, notified complainant that he had been ordered to transfer him, and it was charged that "if such is done without the complainant being given an opportunity to be heard on any

charges which might be preferred against him, he would suffer irreparable damages in that he would lose rank, seniority, rights and position as Assistant Fire Chief, . . ." Complainant over a number of years has accumulated retirement benefits and will be eligible for retirement within a few years. The amount of his retirement benefits depends upon his rank at the time of retirement. The bill avers that "A transfer would be equivalent to a demotion which would cause irreparable damage to complainant," and that complainant has no adequate remedy at law. Hence the bill prays for a temporary injunction "restraining the defendants from issuing any order transferring, removing or demoting the complainant in anywise or doing any other act which would in any effect deprive him of any of his rights, privileges, obligations or responsibilities as Assistant Fire Chief of the Fire Department of the City of Laurel," and for a permanent injunction.

The chancellor directed issuance of a temporary injunction without notice upon Lowe making a $300 bond. This was done. Defendants filed a general demurrer, which asserted that the bill stated no cause of action, complainant has an adequate remedy at law and has not exhausted his administrative remedies, and that he seeks judicial review of an administrative act of the city authorities. This demurrer was overruled.

 █ Appellee asks for a judicial review of a threatened administrative and executive action of the fire chief and governing authorities of the City of Laurel, by the use of an injunction in chancery. Yet he is relying upon the provisions of the Civil Service Act, which grants to him special rights and privileges and which expressly provides for a method of appeal. If a litigant has a plain, adequate and complete remedy at law, he cannot resort to the extraordinary injunctive procedure of chancery. Griffith, Miss. Chancery Practice, (2d ed. 1950), Secs. 436, 438; Illinois Central R. Company v.

Miss. Public Service Commission, 71 So. 2d 176 (Miss. 1954).

Under the Civil Service Act no person who is a member of civil service shall be "removed, suspended, demoted, or discharged except for cause . . ." Code Sec. 3825-11. Any such person may within ten days from the time of his removal, suspension, demotion or discharge file with the Civil Service Commission of the city, which is an appointive, three-man administrative agency, a written demand for an investigation, which the commission must conduct. The investigation is confined to the determination of whether such removal, etc., was or was not made for political or religious reasons and "was or was not made in good faith or for cause." If the commission finds that the evidence is conclusive that the action was in good faith for cause, it will affirm the action, and if not, it can reinstate the employee. Sec. 3825-11 further provides that the "accused" employee may appeal from the order of the Civil Service Commission to the circuit court of the county of his residence. Such appeal must be taken within thirty days from the entry of the order of the commission, and the commission shall within ten days thereafter file a transcript of the proceedings with the circuit court. "The said circuit court shall thereupon proceed to hear and determine such appeal . . ."

The decisions construing this statute supply other applicable principles. The circuit court reviews the record on the transcript of the evidence and the proceedings before the commission, and without a jury. City of Meridian v. Davidson, 211 Miss. 683, 53 So. 2d 48 (1951). In discharging and demoting civil service employees of a city, the municipal authorities are acting in an executive and administrative capacity. City of Jackson v. McLeod, 199 Miss. 676, 686, 24 So. 2d 319 (1946); City of Meridian v. Davidson, 211 Miss. at 693; see also McLeod v. Civil Service Commission of Jackson, 198 Miss.

721, 21 So. 2d 916 (1945) ; C. H. Hill v. City of Hatties-burg, No. 39,477, decided February 15, 1955. In City of Laurel v. Reddoch, 200 Miss. 259, 26 So. 2d 465 (1946), the City of Laurel discharged an assistant fire chief by abolishing his position and requiring a captain to perform the same duties. It was held that the city had the power to abolish the position of assistant fire chief, but that Reddoch was entitled to the captaincy, which included the same duties, and if he did not desire that place, he could apply for another; that his right to it would be determined "in the first instance" by the mayor and commissioners, giving due consideration to his seniority, and "subject to review by the Civil Service Commission as the statute provides."

The Civil Service Act provides appellee with a plain, speedy, adequate and complete remedy for all of the rights which appellee obtains under the Civil Service Act, and his claims in this suit are necessarily based only upon rights under that statute. If he is demoted in the rank which he has under civil service, or if he is removed, suspended or discharged, he has the right to file with the Civil Service Commission of the City a written de-mand for an investigation, and to obtain a public hear-ing. After the commission decides the matter, he may appeal to the circuit court within thirty days, the com-mission must file the transcript of the proceedings before it within ten days from the filing of a notice of appeal, and the "circuit court shall thereupon proceed to hear and determine such appeal." He can then appeal to this Court from the circuit court's judgment.

The city authorities in transferring an em-ployee of the fire department from one post to another act in an administrative and executive capacity, and necessarily are vested with a wide discretion in the dis-charge of their duties as officers of the city. By Code Sec. 3374-140 the governing bodies of municipalities have the power to organize, operate and maintain fire

departments and "to regulate the same." In view of the nature of these powers, the Civil Service Act properly limits the review of such actions by the commission and the courts to whether they are taken in good faith for cause. For all of the foregoing reasons, we think that appellee has a plain, speedy, adequate and complete remedy at law and accordingly he must pursue the statutory method of appeal.

A question analogous to the instant one was presented in I. C. R. R. Company v. Mississippi Public Service Commission, 71 So. 2d 176 (Miss. 1954). There it was held that the railroad had an adequate and complete remedy by statutory appeal from an order of the public service commission requiring it to continue the operation of two passenger trains, and that it could not obtain a judicial review of that order by seeking an injunction in chancery.

■■■ This is in full accord with the general rule elsewhere. 42 Am. Jur., Public Administrative Law, Secs. 230 and 232 state: ". . . Failure to exhaust an administrative remedy generally precludes resort to the courts, and this rule also is sometimes expressed in terms of equity jurisdiction. ■■■ However, the rule in equity is broader and precludes resort to equity where there is an adequate remedy at law in the form of a common-law writ, a statutory appeal from administrative action, . . . There can be no appeal from the decision of an administrative agency except pursuant to specific statutory provision therefor, although in the absence of a statutory appeal or similar direct review proceeding, nonstatutory methods of review or statutory methods not specifically designed for the review of administrative action may be available. Where statutory methods of direct judicial review are available, the use of nonstatutory methods is not likely to be permitted by the courts. . . ."

Two recent cases, one from Tennessee and the other from Vermont, both sound and practical in their reasoning, have reached the same result on substantially similar facts. In Wallace v. Neal, 191 Tenn. 240, 232 S. W. 2d 49 (1950), Wallace was a state highway patrolman covered by the Tennessee Civil Service Law. He was discharged for political activities. The statute gave him the right of appeal to a civil service commission, and he then had a limited right of appeal to determine "if the commission acted fraudulently or in excess of its lawful authority." Instead of following the statutory method, Wallace filed a bill in chancery court against the Commissioner of the Department of Safety for a declaratory judgment which would construe his rights under the act. It was contended that the chancery court had concurrent jurisdiction with the commission. The bill was dismissed. The Court said: ". . . The sole determinative issue involves the election of remedies, that is, as to whether or not an employee, who claims the rights as well as benefits of the Civil Service Law, may proceed in a forum, other than before the Civil Service Commission, for specific relief. It must be conceded that our Civil Service Law created a new right, which was unknown to the common law, and prescribed an exclusive remedy for all persons who claimed a civil service status and who were adversely affected by the ruling of any departmental head. . . . The Civil Service Law of this State not only creates new rights but prescribes an exclusive remedy for the protection of such rights. . . . It is the duty of the Court to so construe the Act that it will serve the purposes for which it was enacted rather than one which would have a contrary result. Considering the number of employees who claim the benefits of the Act it seems clear that if they are given the right to file a bill for a declaratory judgment complaining of every disciplinary act of the Commission, or

of some departmental authority, the Act would be unworkable and unenforceable. . . ."

Smith v. Highway Board, 117 Vermont 343, 91 A. 2d 805 (1952), also involved a highway patrolman. On November 29, 1951, he was notified by the defendant that he was discharged effective December 14. He then filed a bill in chancery seeking to prevent the termination of his employment as a highway patrolman during the pendency of this proceeding. The chancellor issued a temporary injunction. Defendant's demurrer to the bill was sustained, and an appeal with supersedeas was taken. The Court followed Wallace v. Neal. Under the Vermont Civil Service Act, Smith had a right of appeal to the State Personnel Board. The Court held that the doctrine of exhaustion of administrative remedies applied; and that where an administrative remedy is provided by the statute, relief must be sought by exhausting that remedy before the court will act. Except for his rights under the Civil Service Act, Smith had no vested right to continuance in his employment. Hence the Court said, "The provision for an appeal is an integral part of the system establishing the conditions upon which an employee may be suspended or dismissed . . . The law and regulations created new rights and they provide the remedy for the protection of such rights." The statutory procedure was the exclusive one. See also Child v. State Personnel Board, 97 Cal. Ap. 2d 467, 218 P. 2d 52 (1950).

 █ The reasoning in both Wallace v. Neal and Smith v. Highway Board are sound and pertinent to this case. The Civil Service Act created new rights, which were unknown to the common law. And it prescribed an exclusive remedy for persons asserting a civil service status. The statutory method of review is speedy, adequate and complete. If aggrieved employees under the Civil Service Act should have a right to obtain an injunction in chancery every time their civil service

status is affected, or simply "threatened" as here, the act would be unworkable and unenforceable. It would unduly hamper the discharge by the city authorities of their responsibilities. Compare 10 Am. Jur., Civil Service, Secs. 14-17, 1954 Supp., Sec. 14; Davis, Administrative Law (1951), Secs. 213, 219, 228, 229; 62 C. J. S., Municipal Corporations, Secs. 597, 607. ██ ██ Since we hold that the statutory method of review is exclusive, the doctrine of exhaustion of administrative remedies is persuasive but not determinative. 41 Am. Jur., Public Administrative Law, Secs. 197-202; Davis, Administrative Law (1951), Secs. 182-198. Compare the rule of primary jurisdiction, upon which I. C. R. R. Company v. Nelson, 218 Miss. 896, 57 So. 2d 321 (1952), was based. 41 Am. Jur., Public Administrative Law, Sec. 254; Davis, Administrative Law (1951), Secs. 182, 197.

We do not consider or decide any issues with reference to whether appellee is entitled to relief under the facts alleged in the bill of complaint, by following the statutory procedure for review. We only hold that the statutory appeal is adequate and exclusive. Since this decision precludes any amendment of the bill, the decree of the chancery court is reversed, and judgment is rendered here for appellants.

Reversed and judgment rendered for appellants.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.