CITY OF HATTIESBURG *v.* JACKSON

No. 40998 January 26, 1959 108 So. 2d 596

110

*C. W. Sullivan,* Hattiesburg, for appellant.

112

*Pittman & Pittman,* Hattiesburg, for appellee.

GILLESPIE, J.

Appellant, herein called City, by resolution of the Mayor and Commissioners, abolished the office of City Pound Keeper. Appellee was the City Pound Keeper, and the City notified him of this action. Appellee offered to work at other jobs, but he was not employed by the City in any other position. He demanded that the Civil Service Commission make a full investigation of his discharge from employment in the police department ''to determine whether or not my discharge was made for political or religious reasons and was or was not made in good faith for cause.'' (Sec. 3825-11, Mississippi Code 1942).

The Civil Service Commission found that appellee was City Pound Keeper and not a member of the police department when the job of City Pound Keeper was abolished on October 15, 1957; that the City had a right to abolish the job and it ''was not abolished for political or religious reasons, but was done in good faith.''

On appeal to the circuit court on the record made before the Civil Service Commission, that court held that the City had a right to abolish the job of City Pound Keeper; that the Civil Service Commission made its decision in good faith; but that as a matter of law, appellee was a member of the police department, and, under authority of City of Laurel v. Reddoch, 200 Miss. 259, 26 So. 2d 465, was entitled to other employment in the police department, subject to seniority rights, qualifica-

tions, and rights of other employees, and was reinstated with salary retroactive to the date of discharge. From the judgment of the circuit court the City appeals to this Court.

An ordinance was adopted by the City on December 12, 1925, which provided in part as follows: "The pound keeper shall care for all the animals impounded and shall feed and water the same and shall receive such compensation as may be fixed by the mayor and board of commissioners by resolution, and he is hereby vested with the authority and power of police officer and subject to the orders and regulations of the chief of police as same as other policemen. (Ord. 752, No. 5, 12-31-25)."

On January 5, 1937, appellee was elected a policeman and required to give bond for $100.00, and he served as a policeman until he was injured in 1940. He then went on retirement for total disability until May 1, 1942. Thereafter, appellee was privately employed until April 3, 1945, when he was employed under the following resolution passed by the City:

"WHEREAS, it is a violation of a City Ordinance for dogs and livestock to run at large within the City limits of the City of Hattiesburg, Mississippi; and

"WHEREAS, for the proper enforcement of said Ordinance it is necessary that the City employ a keeper for the dog and livestock pounds:

"NOW, THEREFORE, Be It Resolved by the Mayor and Commissioners of the City of Hattiesburg, Mississippi, that O. G. Jackson, be and he is hereby employed as City Pound Keeper for the City of Hattiesburg, Mississippi, at a salary of $200.00 per month which salary shall cover all expense incurred by his taking and impounding of all dogs and livestock and out of his salary he shall also maintain his car and pay all expenses thereof.

"Before entering upon his duty he shall enter into bond in the amount of Five Hundred ($500.00) Dollars

payable to the City of Hattiesburg, condition for the faithful performance of his duties, which bond shall be approved by the Mayor.''

Appellee was employed as City Pound Keeper until his discharge as a result of the pound keeper's job being abolished on October 15, 1957.

On January 24, 1952, the City adopted Ordinance No. 1199 providing for the vaccination of dogs, prohibiting dogs from running at large, prohibiting the keeping of vicious dogs, the impounding of certain dogs, other regulations relating to dogs, and providing for fines for violating the ordinance. Sec. 11 provided that:

''The Chief of Police of said City shall designate one of the police officers of said City the primary duty and responsibility of enforcing the provisions of this ordinance, but any and all police officers of said City are fully authorized and empowered to enforce any and all of the provisions hereof.''

On October 15, 1957, the City adopted a resolution abolishing the job of City Pound Keeper, and the record shows without dispute that this action was prompted by reasons of efficiency and economy. According to appellee, his duties as pound keeper were to pick up loose dogs and keep cows, horses and mules off the streets; that he was under bond for $500 as ''dog catcher'' and that is what he was paid for. He wore the police badges he used when he was a policeman from 1937 to 1940, having never turned them in. He also wore a uniform (blue shirt and trousers) and carried a gun with which to kill dogs. He was paid out of the City's general fund, the same fund out of which the police were paid. For the last two years before the job was abolished, he drove a City truck on which was a picture of a dog's head and the words, ''Hattiesburg Police Dog Pound.'' Appellee did not take orders from the Chief of Police or anyone else in the police department. He is not shown to have had the

power of arrest, unless it can be said the ordinances gave him that power.

Appellee made written application for a civil service examination on September 4, 1945, for the position of "Pound Keeper", and it showed that he had been so employed since April 1, 1945. Appellee was never designated by the Chief of Police as an enforcement officer under Section 11 of Ordinance No. 1199.

On February 23, 1953, appellee made application for membership in the Mississippi Public Employees' Retirement System. A certified employment record, signed by the city clerk and appellee, was submitted to the Mississippi Public Employees' Retirement System listing appellee as "Pound Keeper" for the period January 4, 1945 to January 1, 1953, and another such record listing appellee as "policeman" from January 1, 1937 to March 12, 1940. On March 1, 1955, the Board of Trustees of the Mississippi Public Employees' Retirement System certified that appellee as a member of the said Mississippi Public Employees' Retirement System was entitled to prior credit of 11¾ years for the periods covered by the two certified employment records, already mentioned. It was shown that appellee had not had any funds deducted from his pay as pound keeper for the Disability and Relief Fund for Firemen and Policemen, but that deductions had been made for the Mississippi Public Employees' Retirement System.

 ██ It is first necessary to determine the scope of the inquiry on appeal to the circuit court from the order of the Civil Service Commission in this case. By statute (Sec. 3825-11, Code of 1942), the review is confined to the determination of whether the order of the Civil Service Commission "was or was not made in good faith for cause." The legal equivalent of not acting in good faith for cause is acting without substantial evidence, or arbitrarily, or capriciously, or beyond the power of the Commission. City of Meridian v. Davidson, 211 Miss.

685, 53 So. 2d 48. Therefore, in this case, the scope of the review by the circuit court was to determine whether the order of the Civil Service Commission was supported by substantial evidence.

It is conceded that the City had the right to abolish the position of pound keeper. If appellee was entitled to relief, it was on the theory that he was a member of the police department, and therefore entitled to other employment, etc., as held in Reddoch v. City of Laurel, supra. The question before the Civil Service Commission was whether appellee was a member of the police department, and the question before the circuit court was whether there was substantial evidence before the Civil Service Commission that appellee was not a member of the police department.

■■ ■ Appllee's contention that he was a member of the police department is based primarily on Ordinance No. 752, enacted in 1925, and Ordinance No. 1199, enacted January 24, 1952. Appellee was not appointed under Ordinance No. 752. He was appointed under a resolution, and there is nothing to show the City acted under Ordinance No. 752. Moreover, Ordinance No. 752 did not make the pound keeper a member of the police department; it merely gave the pound keeper the power of police officer. Such power must be considered in context, and means that in performing the duties of pound keeper the holder of that job had the necessary power to perform it. ■■ ■ The contention that the enactment of Ordinance No. 1199 transported appellee into the police department by making him a policeman, as a matter of law, is not tenable. Section 11 of that ordinance provided that one of the "police officers" be designated to enforce that ordinance, one dealing solely with controlling dogs. If appellee was not a police officer when the ordinance was enacted he would not qualify for designation under Section 11. It reasonably appears that the officer to be designated under that ordinance would enforce the penal

provisions of the act by making arrests of violators, etc. Whatever significance these ordinances may have, we do not think they made appellee a member of the police department as a matter of law. ▆▆ And the same may be said concerning appellee's wearing badges which he never turned in after termination of his service as a policeman in 1940, and the wearing of blue shirt and trousers.

▆▆ Whether appellee was a member of the police department was largely a question of fact. The proof showed that appellee did not take orders from the police chief or anyone else in that department. He did not make a policeman's bond. If appellee had been a member of the police department he would have been entitled to membership in the Disability and Relief Fund for Firemen and Policemen, and the City would have been required to make deductions from his salary for that purpose. Sec. 3475, Miss. Code of 1942. Membership in that fund has advantages and benefits not enjoyed by other municipal employees. The record shows that at the time appellee's position of pound keeper was abolished, appellee had served more than twelve and one-half years, and no deductions had been made from his salary for the Disability and Relief Fund for Firemen and Policemen. On the contrary, appellee, in 1953, made application for and was admitted into membership of the Mississippi Public Employees' Retirement System, and took the necessary steps to have his entire service record certified so as to receive the benefit of prior credits under that system.

Sec. 3374-145, Mississippi Code of 1942, gives municipalities authority to employ, regulate and support a police force. Sec. 3374-153 gives municipalities authority to regulate animals, etc., and to appoint pound keepers. These statutes do not make pound keepers members of the police force. They imply the contrary.

Under all the facts and applicable statutes and ordinances of the City, there was ample basis for the finding

of the Civil Service Commission that appellee was not a member of the police department. It cannot be said that the Commission's finding was without substantial evidential basis—the legal equivalent, in these proceedings, of not acting in good faith. It seems clear to us that both the City and appellee considered that appellee was not a member of the police department. We hold that the circuit court erred in reversing the order of the Civil Service Commission. Cf. Eckerman v. City of Peoria, 336 Ill. App. 570, 84 N. E. 2d 559; Hayes v. Atlantic City, 8 N. J. M. 607, 151 Atl. 210; McNitt v. City of Philadelphia, et al., 325 Pa. 73, 189 Atl. 300; Burggraf v. Shields, Mayor, et al, 332 Pa. 165, 2 Atl. 2d 724.

Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.