ETHRIDGE, Chief Justice:
This case involves a review of the discharge of a police department employee under the Municipal Civil Service Act. Miss. Code 1942 Ann. §§ 3825-30 to 3825—45 (1956). The appointing authority, the Chief of Police, discharged Mrs. Ruddick from her job as a clerk-typist in the Police Department of Jackson, and the City Civil Service Commission upheld that action. The circuit court reversed, on the ground that the City and the Commission did not comply with the rules and regulations of the Commission.
On an appeal of the removal or discharge of an employee, the scope of review is confined to whether the discharge “was or was not made in good faith for cause * * * ” Miss.Code 1942 Ann. § 3825-40 (1956). The question is whether there was substantial evidence to support the order of discharge in good faith for cause. City of Hattiesburg v. Jackson, 235 Miss. 109, 108 So.2d 596 (1959); City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951).
The Civil Service Commission is given power to make rules and regulations not inconsistent with the act. Code § 3825-35. Code section 3825-39 provides that the tenure of office of a person under the act “shall be only during good behavior,” and he may be discharged for:
Incompetency, inefficiency or inattention of duty; dishonesty, intemperance; immoral conduct, insubordination, discourteous treatment of the public, or a fellow employee, or any other act of omission, or commission tending to injure the public service.
Pursuant to its rule-making power under the quoted statute, Civil Service Commission Rule XV, Section 2, states several causes for disciplinary action, including removal or discharge. Among them are:
F. Wantonly offensive conduct or language toward the public, a superior, or fellow employees.
M. Conduct unbecoming to an employee of the city either while on or off duty.
Since the Commission upheld the discharge, the evidence supporting that action must be taken most favorably to that order. In the presence of two city police officers, Mrs. Ruddick stated that “Captain -’s wife was a whore prior to the time she married Captain_” Before she made that statement, she had made a similar statement to a major on the Jackson police force. On February 16, 1970, the Chief of Police of the City of Jackson personally delivered to Mrs. Ruddick a notice of dismissal, stating those facts and charging her with violations of Rule XV, Section 2, 1.1 F and M, quoted above. Within ten days from that date Mrs. Ruddick filed with the Civil Service Commission a written demand for an investigating and hearing. Code § 3825—40. It was held, and the Commission by a majority vote upheld her discharge by the Chief of Police.
There was substantial evidence to support appellee’s discharge by the Chief of Police and the Commission’s order affirming that action.
Appellee contends, however, that the Commission’s order is not sufficient, since it did not specifically state in the words of the statute that the discharge was “in good faith for cause.” Although it would have been better for the order to state that finding, nevertheless it clearly affirms the action of the Chief of Police, ratified by the City Council, “in the dis *568 missal of Mrs. Dorothy Ruddick,” and the evidence supports that action.
The basis of the circuit court’s reversal of the Civil Service Commission was its finding that appellee’s dismissal:
[W]as not in compliance with the Civil Service Rules for the City of Jackson, Mississippi, effective April 24, 1969, specifically Rule XIV, Section 1, Paragraph 1.3, Rule XV, Section 1, Paragraph 1.2, Rule XV, Section 1, Paragraph 1.1 and Rule XIV, Section 2, Paragraph 1.1, for which reasons the dismissal was void ab initio and the affirmance thereof by the Civil Service Commission in error.
The stated parts of Commission Rule XIV do not invalidate the Commission’s proceedings. Subsection 1.3 provides that “all complaints” as to violations of the act and the rules “must be filed in writing with the commission.” The wife of the police captain in question had complained to the Mayor, who in turn advised the Chief of Police of the complaint. It was not necessary for the captain’s wife to make a written complaint. The written complaint was made by the appointing authority, the Chief of Police. Moreover, section 1, subsection 1.2 of Rule XIV provides that the Commission “may, upon its own motion, investigate complaints coming to its attention * * * ” It is not essential that the particular complaining party file a written complaint under Rule XIV; the appointing authority may do that.
The same observations apply to the stated provisions of Rule XV. Section 1, subsection 1.2 states that complaints “may be made by any responsible person to the appointing authority * * * ”; and that all such complaints “must be in writing * * ” Both of the stated parts of Rule XV do not in any way preclude the appointing authority from making his own investigation and making the proper charges with a notice of dismissal; nor do they preclude the Commission from acting in that manner. For these reasons, the circuit court erred in reversing the order of the Civil Service Commission upholding the discharge of Mrs. Ruddick.
Reversed and order of Civil Service Commission of City of Jackson reinstated and affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.