SUGG, Justice, for the Court:
Hanson Properties, Inc. filed a bill of complaint in the Chancery Court of Jackson County to confirm title to land claimed by it which was a part of the “Lowry Island Lands.” The chancery court overruled a demurrer and an interlocutory appeal was granted.
In International Paper Co. v. Mississippi State Highway Dept., 271 So.2d 395 (Miss.1972) and Money v. Wood, 152 Miss. 17, 118 So. 357 (1928), we held that the Land Commissioner could not sell Lowry Island Lands under the provisions of Miss.Gen.Laws ch. 17 (1884), [now section 29-1-65 Mississippi Code Annotated (1972)]. Under the authority of these cases we hold that the chancellor erred in overruling the demurrer.
Complainant also alleged that its predecessors in title were in actual occupancy of the land before 1875 and claimed ownership by virtue of such occupancy and possession. The state had not attempted to divest itself of title to the Lowry Island Lands before the Act of 1884, neither had it set up a procedure for this purpose; therefore, possession, absent such authority, did not ripen into title.
The bill of complaint contained a prayer for alternate relief in the following language:
Alternatively, that Complainant is entitled to have a patent issued to it by the Land Commissioner of the State of Mississippi under the provisions of Chapter 398 of the Laws of 1954 (Senate Bill 1536) and to have its title quieted and confirmed as against all of the defendants.
The bill does not show that complainant has applied to the Land Commissioner under the provisions of Miss.Gen. Laws ch. 398 (1954); therefore, it has not exhausted its administrative remedies with respect to this prayer for alternate relief. Scott v. Lowe, 223 Miss. 312, 78 So.2d 452 (1955). In addition if complainant applies for a patent under Chapter 398, two additional questions would arise: (1) Is Chapter 398 subject to the same interpretation as the Lowry Island Act of 1884 set forth in International Paper Co. and Money, supra? (2) Has Chapter 398 been repealed by implication because it was not included in the Mississippi Code of 1972?
Complainant also prayed for the following relief:
If Complainant be held to be not entitled to any of the relief prayed for here-inabove, then Complainant prays that in equity it be granted the first priority to lease said lands in the manner prescribed by law from either the Pascagoula Port Commission by the authority granted such Port Commission pursuant to Section 9 of Chapter 199 of the Laws of 1956, or from the State Land Commissioner with the approval of the Governor, under the provision of Sec. 29-1-107, Miss.Code of 1972, and the Court will adjudicate and determine which of said public agencies has the right to lease such lands to the Complainant, so that there may be no question as to the validity of such lease.
The bill does not allege that complainant has attempted to lease the land from either the Pascagoula Port Commission or the State Land Commissioner under the statutes cited in its bill of complaint; therefore, it has not exhausted its administrative remedies with respect to this prayer for alternative relief.
Complainant also prayed:
Alternatively, decree that the Complainant, so long as it uses such land for purposes consistent with the public trust for which such lands are held by the State of Mississippi and not in contravention thereof, it may continue to occupy and use such lands to the exclusion of any other private firm or corporation but not *873 against any paramount interest asserted by the State of Mississippi.
The judicial department is without power to grant this prayer for relief because tidelands may only be disposed of as authorized by the legislature within the narrow confines of our holding in Treuting v. Bridge and Park Com’n. of City of Biloxi, 199 So.2d 627 (Miss.1967).
We therefore conclude that the demurrer should have been sustained and the bill of complaint dismissed.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.