447 So.2d 641 (1984)
CITY OF MERIDIAN, a Mississippi Municipal Corporation
v.
Gary O. HILL.
No. 54147.
Supreme Court of Mississippi.
February 29, 1984.
Rehearing Denied March 14, 1984.
William J. Gunn, Williams, Gunn & Crenshaw, Meridian, for appellant.
Joe R. Odom, Adams & Odom, Meridian, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
ROY NOBLE LEE, Justice, for the Court:
The Circuit Court of Lauderdale County, Honorable Henry Palmer presiding, after reviewing an order of the Board of Civil Service Commission, City of Meridian, Mississippi, fixing the employment status of Gary O. Hill, reversed that order and directed the Civil Service Commission to classify Hill as a fireman in the Fire Department and awarded him back pay from the date of termination, October 1, 1981, to the date of his reinstatement. The City of Meridian (City) has appealed from the lower court judgment.
The City has assigned four errors alleged to have been committed by the lower court in reversing the Civil Service Commission order, but we consider only one question which is presented by the assignment, viz, did the lower court err in reversing the order of the Board of Civil Service Commission, contrary to the substantial evidence ruling governing the review of decisions of administrative boards, and in directing that the Board of Civil Service Commission recognize and enter on its records that Hill is classified as a fireman in the Fire Department and awarding back pay from October 1, 1981, to the date of reinstatement?
Hill began work as a fireman for the City April 16, 1965, after passing the required examination. On September 26, 1969, he sustained a back injury while working for Sears, Roebuck & Co., on a separate and independent job (moonlighting), and subsequently was hospitalized and placed in traction. On April 9, 1970, he underwent surgery for a ruptured disc and, as a result, was unable to perform any heavy lifting or firefighting for a long period of time.
About the middle of 1970, Hill had exhausted all of his sick leave, but was still employed as a firefighter. Other firemen in the department were helping by filling in *642 for him. On July 17, 1970, Hill wrote a letter to the Civil Service Board requesting that he be considered for transfer to a position as booth operator,[1] where a vacancy had occurred. Hill stated in the letter, "I am fully aware while holding the position of booth operator, I will be disqualified for any promotions in rank." Additionally, Hill asked for either temporary or permanent placement in that job.
The record indicates that it was customary for sick or injured men to work in the dispatch booth until they were well; that Hill wanted the job as booth operator on a temporary basis because his recovery was not complete and he still wanted to continue receiving a paycheck; that Hill was never notified in writing by the appointing authority, or city manager, as to any official designation classifying him as a radio communications dispatcher; and that a classification sheet appearing in Hill's personnel file indicated that Hill was classified as an alarm operator in 1970.
In September, 1974, Hill again had surgery on his back for a pinched nerve, after which he fully recovered and was able to perform the physical duties required of a firefighter. He returned to work as a dispatcher October 19, 1974, but was interested in trying to get back on the fire truck. On August 31, 1978, he wrote a letter to the city manager and Civil Service Board requesting a transfer from communications dispatcher to firefighter. The Civil Service Board responded that it was without authority to reinstate him to the current eligibility list and recommended that he apply for the next firefighter exam. On November 15, 1978, the Civil Service Board reiterated that conclusion. Prior to these events, on August 3, 1978, the City of Meridian passed a resolution adopting a job classification plan recommended by the United States Civil Service Commission, setting up salary grades with maximum and minimum pay ranges for each employee classification. Publication of the resolution was not made until September 28, 1981. The City Manager sent a memorandum dated October 10, 1978, to all department heads directing that any employees within their department who desired to appeal their classification assignment as established October 1, 1978, should appeal by a designated procedure no later than October 1, 1978.
Without detailing the matters further, it is sufficient to say that Hill did not appeal, pursuant to that notice, prior to the stated deadline.[2] Hill decided to take a Firefighter II examination to be given September 20, 1979, but was not permitted to do so because he was not classified as a Firefighter I. He was advised that he should consider bidding on an opening as dispatcher in the police department. He was notified August 6, 1981, that the position of communications dispatcher in the fire department would be abolished effective October 1, 1981, that he would be placed on lay-off status, but that he could avoid lay-off by requesting in writing to transfer to dispatcher in the Police Department.[3]
The Civil Service Commission made a finding from the evidence and, pursuant thereasto, ordered:
1. That Mr. Hill is not a fire fighter as required by the Laws of the State of Mississippi and the rules and regulations of the Civil Service Commissions of the City of Meridian, Mississippi. Mr. Hill, after appointment as a Fire Alarm Operator pursuant to his letter of July 27, 1970, is a Fire Alarm Operator.
2. That Section 8.15 does not require an employee to apply for transfer from one department to another. It only requires that the employee affected be afforded an opportunity to be heard by the Commissions before approval of the transfer. The appointing authority has full power under this Section to transfer the employee as a "Communication Dispatcher" *643 from one department to the other with the approval of these Commissions. The employee would have had the right to have been heard as set forth in rule 8.15, but not the right to veto the transfer. The employee has now been heard and no valid reason has been given, in the opinion of these Commissions, to prevent such transfer.
3. That Mr. Hill should not have been terminated as a "Communication Dispatcher" and should be reinstated as such.
4. Because of the circumstances surrounding this problem, the Commissions find that Mr. Hill be restored to duty and pay as a Communication Dispatcher effective the day he shall report for duty following notice to him of this decision. Failure to report within five (5) days thereafter shall constitute resignation on his part from this position.
5. If Mr. Hill desires to become a fire fighter, the Commissions reaffirm the above mentioned letter of October 31, 1978 and suggests that Mr. Hill apply to take the next examination.
ORDERED, this the 20th day of November, 1981.
On appeal to the Circuit Court of Lauderdale County, that court reversed the Civil Service Commission and ordered:
... that this Court has jurisdiction of the parties and the subject matter; that that part of the Order of Commissions appealed from is hereby reversed and with directions that the Civil Service Commission recognize and enter on its records that Gary O. Hill is and be classified as a Fireman in the Fire Department and that he be awarded his back pay from the date of termination of October 1, 1981 to the date of his reinstatement, along with all rights and benefits.
Mississippi Code Annotated § 21-31-23 (1972) sets forth the procedure in the removal, suspension, demotion, and discharge of persons in the classified Civil Service. That part of the section dealing with appeals to the circuit court from the Civil Service Commission's orders provides:
The said circuit court shall thereupon proceed to hear and determine such appeal and the accused shall have the right of trial by jury. However, such hearing shall be confined to the determination of whether the judgment or order or removal, discharge, demotion or suspension made by the commission, was or was not make [sic] in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.
On appeal here, the question before us is whether or not the action of the Civil Service Commission was in good faith for cause. Intertwined with this question is whether or not there was substantial evidence before the Civil Service Commission to support its order and whether it is arbitrary, unreasonable, confiscatory, and capricious.
In City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951), the Court considered an order of the Civil Service Commission of Meridian, discharging a member of the fire department, and the interpretation of the statute reciting "good faith for cause". The Court said:
That is to say, the circuit court would not be permitted to determine the guilt or innocence of the employee of the charge or charges against him, since the fact that the circuit court may disagree with the commission as to the guilt or innocence of the employee would no more necessitate a finding that the commission had not acted in good faith and on the basis of what reasonable men could deem a sufficient cause than our disagreement with the conclusion of a chancellor on an issue of fact would impute bad faith to him. The fact that we may think the weight of the evidence is contrary to his finding does not even require a reversal unless he is manifestly wrong and furnishes no basis in itself alone for an inference of bad faith on the part of the trier of the facts, whether an executive or administrative agency, a jury or a trial judge
* * * * * *

*644 ... And it was further stated that the only sound, practicable or workable rule that can be announced is to hold that the court to which the appeal is taken from an administrative agency shall only inquire into whether or not the judgment appealed from is reasonable and proper according to the facts disclosed before the board that is to say whether or not its decision is supported by substantial evidence or is arbitrary or capricious, etc. or in other words whether or not it was made in good faith for cause. [211 Miss. at 693, 695, 53 So.2d at 52, 53].
See also City of Jackson Police Dept. v. Ruddick, 243 So.2d 566 (Miss. 1971); City of Hattiesburg v. Jackson, 235 Miss. 109, 108 So.2d 596 (1959); Stegall v. City of Meridian, 230 Miss. 176, 92 So.2d 331 (1957); and Scott v. Lowe, 223 Miss. 312, 78 So.2d 452 (1955).
We are of the opinion that the order of the Commission was supported by substantial evidence; that it is not arbitrary, capricious or unreasonable; that it was entered in good faith; and that the lower court erred in setting that order aside and ordering an entirely new classification.
Therefore, the order of the lower court is vacated, and the order of the Civil Service Commission is reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] Same as a dispatcher, radio communication dispatcher and fire alarm operator.
[2] He denied knowledge of the notification until sometime in 1979.
[3] The positions in the fire department and police department were being combined into the police department. Although classified as a dispatcher, Hill had filled in from time to time as a firefighter since 1974.