For these reasons the application of the petitioner is granted, with $25 costs.

Application granted, with $25 costs.

---

(39 Misc. Rep. 756.)

### In re BECKER et al.

#### (Surrogate's Court, Kings County. February, 1903.)

1. WILL—CONSTRUCTION—BENEFICIARIES.

Testator gave to each employé who at the time of his decease had been employed "as long as two years and less than five years" $500, and to each one who had been employed "for less than two years" $100. *Held*, that one who, before testator's death, had been employed continuously for only 16 months, but who had, counting his various terms of service, been employed for 4 years in all, was entitled to $500.

2. SAME—RIGHTS OF LEGATEES.

Where a specific sum is bequeathed in a will to one who is also named as one of a class of legatees, he is entitled to both legacies.

In the matter of the judicial settlement of the account of Charles Becker and others, executors of Anton Eilers, deceased. Objections to accounting sustained.

Smith & Bowman (Artemus B. Smith, of counsel), for executors. De Witt, Lockman & De Witt, for contestant George E. Bright. Wilmot L. Moorehouse, for contestant Henry Moeller.

CHURCH, S. To the settlement of the executors' accounts objections are made by George E. Bright and Henry Moeller, two legatees under the will, each of whom contends that the executors have not paid him the amount to which he is entitled as a legatee. The legatee George E. Bright was, at the time of the testator's death, in the employ of the Eilers & Becker Leather Company, in which the testator was largely interested.

The will of the testator contained the following provisions:

"It is my will and I do hereby direct my executors, as soon as conveniently may be after my decease, to make payments of money to the employees of Eilers & Becker Leather Company, who shall at the time of my decease be in the employment of said Company as follows:

"To each and every such employee who shall have then been in the employment of the Eilers & Movius Leather Company and the Eilers & Becker Leather Company, for the period of five years, the sum of one thousand dollars ($1,000).

"To each and every of such employees who shall have been in the employment of the Eilers & Movius Leather Company, as long as two years, and less than five years, the sum of five hundred dollars ($500).

"To each and every such employee who shall then have been in the employment of the Eilers & Movius Leather Company and the Eilers & Becker Leather Company, for less than a period of two years, the sum of one hundred dollars."

It appears that Mr. Bright was in the employ of the company at the time of the testator's death, and that he had been so employed continuously for one year, four months, and five days; that he had been in such employ at three separate periods, the aggregate of the time of which exceeded two years, being four years and a fraction thereof. The executors therefore contend that Mr. Bright should come within the third class of employés, and receive the sum of $100, on the ground that his employment should have been continuous; while, on the other hand, Mr. Bright contends that he comes within the second class, and is, therefore, entitled to the payment of $500.

There is no authority which I can find directly applicable to the circumstances of the present case. The general definition of the word "period," in reference to time, is to refer to a continuous period, and the question is, therefore, whether the testator, in using the expression "period," intended to give it any such definition, or whether he simply meant to refer to term of employment. While there is little from which the intent of the testator can be drawn upon this subject, yet it is evident that the desire of the testator was to recognize the persons who were in his employ at the time of his death, and to make the recognition depend upon the length of their services. That being the case, it seems to me that it is immaterial whether it was continuous or not, as, if the testator had had in mind an intention to restrict its provisions to persons who had been in his employ continuously, no doubt he would have indicated it by the use of the word "continuous." The executors refer to a later paragraph in the will, in which he provides that service in either of the two companies shall be deemed a continuous service, as an evidence of the intention that in referring to the period of service he meant that it should be a continuous service. I cannot accept this suggestion; on the contrary, it seems to me to indicate a very broad intention on the part of the testator to permit employés to share in his estate, and, his having used the word "continuous" in connection with this peculiar circumstance makes it very significant that he did not use it in reference to the period in which they should be in his employ to entitle them to the legacy. The legatee Bright is therefore entitled to the sum of $500, and his objections to the account awarding him a less sum are sustained.

The legatee Moeller also objects to the account on the following grounds: It appears that the legatee Moeller, at the time of testator's death, had been in the employ of said firm for a period long exceeding five years, and would, therefore, be one of the persons entitled to receive a $1,000 legacy. In another section of the will, however, the testator provided expressly as follows: "I give and bequeath to Henry Moeller, who is in my employ as porter in my store, the sum of three thousand dollars, in case he should survive me." The said Moeller therefore contends that he is entitled to the specific legacy, and that he is also entitled to the legacy given to the class of which he is one. The executors, on the other hand, contend that these provisions are not cumulative, but are substitutional, and that he is not entitled to both legacies, but only to the specific legacy.

The principal and earliest case upon this subject is that of Dewitt v. Yates, 10 Johns. 158, 6 Am. Dec. 326. That case held that, where a specific legacy of the same amount is repeated in the will, the legatee can only take one of the sums bequeathed, and that they cannot be regarded as cumulative, unless there is some evident intention that they should be so considered. This case does not seem to me to be applicable to the case under consideration. The facts there show that the will in question contained two specific bequests for the same sum to the same legatee, and under such circumstances it was held to be obviously a substitutional provision, and not intended that the legatee should take the total of the two sums.

This proposition was also very carefully considered in Southgate v. Continental Trust Company, 74 App. Div. 150, 73 N. Y. Supp. 718, 77 N. Y. Supp. 687, which adopted the opinion of Justice Scott at Special Term. In discussing the law upon this subject he states as follows: "It has been deemed to be a circumstance favoring the implication of intended accumulation that the legacies differ in amount." Accordingly, it was held in that case, under the various circumstances surrounding the will, that the legacies were cumulative. Where a person is mentioned in a will in one instance as the recipient of a specific sum, and in another instance named as one of a class, the theory upon which it has been held that legacies are substitutional does not apply, and it is the presumption that the legatee is entitled to take both. A large number of wills contain provisions of this character, making certain specific provisions, and then making devises or bequests to certain classes of persons, and many times the specific legatee is also one of a class so named. These legatees are generally next of kin or relatives and have always, so far as I can find by any adjudication, received their bequests without question, and I see no reason why any different rule should apply to strangers or employés, as in the case in question. The contestant Moeller is, therefore, not only entitled to his specific legacy, but also to the legacy to which he is entitled as one of the employés of the firm who has served a period exceeding five years. The objections of the contestant Moeller are, therefore, sustained.

Decreed accordingly.