BERG, Appellant, vs. SEAMAN, Respondent.

*February 12—March 9, 1937.*

For the appellant there was a brief by *Joseph A. Padway,* and oral argument by *Mr. Padway* and *Nora B. Padway,* both of Milwaukee.

*Ray C. Dempsey* of Oshkosh, for the respondent.

FOWLER, J.   The proceeding is *mandamus* to compel the superintendent of the Winnebago state hospital to place the relator in the position of physiotherapy aid at the salary received by her prior to her promotion from that position to that of graduate nurse.   Judgment was entered quashing the alternative writ upon the motion of both parties for judgment on the pleadings.

The relator was employed at the Winnebago state hospital as a graduate nurse.   She was a "permanent employee" and her tenure to that position was protected by the civil service law of the state, ch. 16, Stats.   Upon authority granted by the board of control, she was removed from said position by the superintendent of the institution for mistreatment of a patient and failure to report the patient's injury as required by the rules of the institution.

By ch. 16, Stats., the administration of the civil service law is in the hands of the bureau of personnel created by that

chapter. Sec. 16.24, Stats., provides that there shall be no removal of a permanent employee "except for just cause, which shall not be religious or political." In case of removal, the "appointing officer" must furnish the employee in writing the reasons for the removal, and these reasons must be filed in writing with the bureau's director of personnel. The removed employee may appeal to the personnel board of the bureau and that board must hold a public hearing as to the cause for removal, and after such hearing "the board shall either sustain the action of the appointing officer, or shall reinstate the employee fully, or upon such conditions as the board shall determine."

In the instant case, the appointing officer, the defendant superintendent, complied with the provisions above stated. The relator appealed to the personnel board and hearing was had. After such hearing, the personnel board "did not feel the facts justified a complete discharge or permanent separation" of the relator from the service, and ordered the superintendent to offer her opportunity to re-enter the service of the hospital, "in the capacity of attendant." A few days later the personnel board informed the superintendent that the minutes made upon the hearing did not correctly state its decision, and that instead of requiring re-employment of the relator "in the capacity of attendant at the initial salary established for that position," the order should read "in the capacity of physiotherapy aid at the salary received by Miss Berg immediately prior to her promotion from such position to that of graduate nurse." The superintendent refused to comply with this order, and this action was brought to compel him so to do.

The respondent contends that the order of the personnel board is void because it had no authority to do anything but either sustain the action of the superintendent in removing the relator, or reinstate her in her former position either

fully or upon such conditions as the board might determine, and that as the board did not reinstate her in her former position, it in effect sustained the superintendent in removing her from that position. The personnel board claims that its order to the superintendent to re-employ the relator as a physiotherapy aid was a reinstatement of her upon a condition.

The point of controversy is whether the word "reinstatement" in the statute cited means reinstatement in the position occupied by the employee before her discharge, or reinstatement in the service of the institution. We are of opinion that the word means reinstatement to the position from which the employee was removed when she was discharged. The order was to offer re-employment. Re-employment is not reinstatement,—much less is re-employment in the service in a position entirely different from the service performed by the employee in the position from which she was removed reinstatement. Re-employment under the order of the personnel board, if the plaintiff would accept the position offered, would not be reinstatement in the position from which she was removed and the personnel board's power is limited to reinstatement. Sec. 46.05 (3), Stats., gives to the defendant superintendent the power to appoint employees of the institution of which he is the superintendent, subject to the approval of the board of control. Power to appoint is power to employ. The personnel board has no power to direct the defendant superintendent to employ, and to re-employ is to employ, any particular person. The personnel board has no greater power than the bureau of personnel, of which it is an arm. The bureau's power respecting employment is limited to cases of vacancies or new positions, and in such cases is limited to submitting the names of three persons from which the employee must be selected, and these three must be those receiving the highest grade upon examination by the board. Secs. 16.18, 16.19, Stats. The board of control has the power to create new positions and to fix the number of employees in

the hospital. Sec. 46.05 (3). By the order involved, the personnel board would take this power from the board of control in the instant case and in effect usurp that power itself, as, to make a place for the plaintiff, the number of physiotherapy aids would be increased or someone in that position would be demoted and the number in the position from which the latter was demoted would be increased. Else, some physiotherapy aid or someone somewhere in line of demotion from that position would be discharged. Power so to disrupt the service of a state institution by the bureau of personnel is nowhere expressly given by the statutes, and cannot be implied.

*By the Court.*—The judgment of the circuit court is affirmed.