JACK BARROWS, RESPONDENT, v. RISS & COMPANY, INC., APPELLANT.—
179 S. W. (2d) 473.

Kansas City Court of Appeals. April 3, 1944.

*M. D. Campbell, Jr.* for appellant.

*Raymond E. Martin, Frank Reinhardt* and *W. Raleigh Gough* for respondent.

SPERRY, C.—Jack Barrows, plaintiff, sued Riss & Company, Inc., a corporation, defendant, for damages because of the failure of defendant to give plaintiff, an employee, a service letter, at his request, on his discharge. Judgment was for plaintiff in the sum of $450 actual and $650 punitive damages. Defendant appeals.

Plaintiff, in effect, pleaded that he was for more than ninety days in the employ of defendant on and prior to his discharge June 26, 1940; that on that date he requested a service letter; and that defendant refused to give him such a service letter as is provided for in Section 5064, Revised Statutes Missouri, 1939.

Defendant answered by alleging that plaintiff was discharged for cause May 2, 1940, and that he was, thereafter, restored to employment and, June 26, 1940, was again discharged for cause. Defendant also alleged that a service letter was given to plaintiff upon his discharge and that plaintiff made no demand for another or different letter than that which was given to him.

Plaintiff was his own sole witness. His testimony was to the effect that he was employed by defendant as a truck driver in interstate

commerce from 1936 until April or May, 1940, when he was discharged for having violated an Interstate Commerce Commission rule prohibiting carrying passengers on the truck; that he was "off" about three weeks; that he was then "reemployed", "reinstated"; and that he was again discharged June 26, 1940. He testified to the effect that, on the last-mentioned date, after his discharge, he demanded that plaintiff give him a service letter, and that no service letter was ever given to him.

Defendant alleged as error the refusal of the trial court to give defendant's offered demurrer to the evidence, and that the verdict for actual damages is excessive.

Plaintiff moves to dismiss the appeal and urges as grounds therefor that defendant's statement is not in compliance with our rule 18. It is claimed that, in view of defendant's contention that its demurrer should have been sustained, "appellant states only a small part of the facts bearing on that issue, misstates such facts in a light favorable to appellant and prejudicial to respondent, and omits entirely to state many facts having vital relevance to the question in issue."

We have carefully read said statement, have read and considered plaintiff's suggestions in support of its motion to dismiss, and have read the abstract of the record in its entirety.

While the statement is brief, an appeal may not be dismissed for that reason alone. Under our rules the statement should be "concise." It recites all facts of record necessary for a clear understanding of the case and of the issues presented, and does not misstate any of them or state them from a standpoint more favorable to defendant than to plaintiff. The statement fairly conforms to our rules and the motion to dismiss should be overruled.

The decision in this case depends upon the construction to be placed on Section 5064, Revised Statutes Missouri, 1939. This section requires employer corporations, when requested so to do by a discharged employee, to give such employee a service letter "if such employee shall have been in the service of said corporation for a period of at least ninety days." Defendant contends that plaintiff's own testimony establishes, as a fact, that he had not been, within the meaning of the statute, in defendant's employ for "a period of at least ninety days" when he was discharged.

Plaintiff testified to the effect that he was discharged in April or May, 1940, and was off from work twenty-one days. He testified that he was "reinstated", and that he was "reemployed" May 11th or 12th, 1940. His discharge as of June 26th occurred less than ninety days after his employment May 11th or 12th; but plaintiff contends that the statute permits him to recover on his proof that he was employed from 1936 until sometime in April, 1940, when he was discharged, and again employed from May 11th or 12th until June 26th. He contends that "a period of at least ninety days" means a total of

ninety days of employment whether or not the employment was continuous.

Neither party has cited a decision in point. The statute provides that one "who shall fail to issue such letter to such employee when so requested by such employee . . . shall be deemed guilty of a misdemeanor" and shall be subject to a fine and imprisonment. It is a penal statute. It must, therefore, be "construed strictly as to those portions which are against defendants, but liberally construed in those which are in their favor—that is, for their ease and exemption . . . and, when doubts arise concerning their interpretation, such doubts are to weigh only in favor of the accused." [State v. Taylor, 133 S. W. (2d) 331, l. c. 341; Chrisman v. Terminal R. Ass'n., of St. Louis, 157 S. W. (2d) 230, l. c. 234.]

"The general definition of 'period', with reference to time, is to refer to a continuous period, . . ." [In re Becker et al., 80 N. Y. Supp. 1115, l. c. 1116; 48 C. J. 812.] "A period of time is a stated and recurring interval of time, a round or series of years, by which time is measured." [The People ex rel. v. Leask, 67 N. Y. 521, l. c. 528; Bouviers Law Dictionary, 2565.] In view of the nature of the statute we are not at liberty to attribute to the phrase "period of ninety days" a special meaning, but must strictly construe it in the light of the plain and generally accepted meaning of the words used. [Chrisman v. Terminal R. Ass'n., of St. Louis, *supra.*] We therefore hold that the Legislature had reference to a continuous employment of at least ninety days. To hold otherwise would be to render any corporate defendant liable to respond in damages, and its superintendent or manager to be fined or imprisoned, for failure, on request, to give a service letter to any and all discharged casual employees who had worked for it a total of ninety days over a number of years. The Legisature did not intend this result else it would not have used the language it did use.

However, plaintiff contends that after he was discharged he was "reinstated," not reemployed, and that his employment was, therefore, continuous. Plaintiff admitted in his cross-examination that he was discharged in April or May. The term "discharge" means to cause to employ. [14 C. J. S. 58, note 35; 26 C. J. S., 1330.] Having been discharged he thereafter again became employed. Plaintiff stated on cross-examination both that he was reemployed and that he was reinstated. While the term "reinstated" has a particular meaning when used in connection with insurance contracts the term, as used by plaintiff, was but a conclusion on his part; and evidence offered by defendant touching the circumstances of his resumption of employment was excluded on objection by plaintiff. In any event, when used in connection with employment, "reinstate" has been held to mean ". . . to receive back into employment only, or to put back into the same position or state from which removed." [Markey v.

Schunk, 152 Iowa, 508, 1. c. 512, 13 N. W. 883; 53 C. J. 1182.] The record here does not justify our holding that the employment was continuous.

Plaintiff contends that he is entitled to an affirmance of the judgment on the theory that he was entitled to a service letter when he was discharged in April, 1940. He pleaded and proved a discharge as of June 26, 1940. He offered no proof that he demanded a service letter at the time of or based upon his discharge in April. The statute requires that the service letter state the true reason for his discharge. The true reason for his discharge in April was quite different from the true reason given by him, and by the defendant, for his discharge June 26, 1940. His evidence regarding actual damages, suffered by reason of his inability to secure employment on account of not having a service letter, would not have been admissible, on objection, if he had pleaded failure to give him a service letter on discharge in April; and said evidence does not support any claim for actual damages suffered from the failure of defendant to give him such a letter based on the April discharge. Having pleaded, tried, and submitted his case on a certain theory his appeal must be determined on that theory.

The motion to dismiss the appeal should be overruled and the judgment reversed. *Boyer, C.,* not sitting.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The motion to dismiss the appeal is overruled and the judgment reversed. *Bland* and *Cave, JJ.,* concur.