BANKS, Justice,
for the court:
We are called upon to determine whether the circuit court had jurisdiction to issue a writ of mandamus compelling the city to comply with an order of its civil service commission. We answer in the affirmative and affirm.
I
The parties do not dispute the essential facts in this matter. As of May 14, 1990, Anita Martin held the position of Director of the Aging Services Division (now called the “Senior Services Division”) of the Jackson Department of Human and Cultural Services. She had held this position for three and one-half years. She had also served as Acting Director of the Aging Services Division for ten months before being given the permanent post. She had worked a total of fifteen years in the Department of Human and Cultural Services.
On April 26, 1990, Anita Martin was given a pretermination letter by Otha Burton, the then Director of the Department of Human and Cultural Services. The letter stated that it was “the intention of the City of Jackson to dismiss [Anita Martin] from employment under the provisions of Civil Service Rule XII, *254 Section 2,1.1 E. — incompetency or inefficiency in the performance of duties of the position to which [she] was appointed.” The letter charged the following reasons as grounds for Martin’s dismissal:
(a) during her term as Aging Services Manager, Anita failed to provide the management and leadership needed to efficiently provide services to the senior citizens of Jackson;
(b) during her tenure as Aging Services Manager, there was a continuous failure to file timely reports with funding agencies;
(c) there was a near total lack of coordination and communication between the various segments of the Aging Division;
(d) there was a lack of financial management in the Aging Services Division; and
(e) Anita Martin refused to communicate with members of her staff.
A pretermination hearing was held on May 2, 1990, in the office of Otha Burton. Anita Martin was present and accompanied by counsel. On May 14, 1990, Anita Martin was notified by letter from Otha Burton that she was dismissed effective immediately.
Martin thereafter filed a request for an investigation by the Jackson Civil Service Commission. The Commission conducted a hearing on October 18,1990. Afterward, the Commission concluded that while the city had shown that Martin had been negligent at times in the performance, of her duties, the city had not produced sufficient evidence to bear its burden of establishing that Martin had been terminated for “just cause.” The Commission therefore ordered on October 25, 1990, “that Martin be reinstated with back pay and benefits in the appropriate amount since the date of discharge.”
Anita Martin reported for work pursuant to the Commission’s Order on November 12, 1990. During the period since Martin’s termination, Otha Burton had resigned as Director of the Department of Human and Cultural Services. He had been replaced by Maxine Lyles. Judy Wallace had been serving as Interim Manager of the Senior Services Division. Shortly before Martin reported to Lyles on the afternoon of November 12, 1990, Lyles had called a meeting of the employees of the Senior Services Division and announced that Judy Wallace had been named permanent Manager of the Senior Services Division. When Lyles met with Martin on the afternoon on November 12, she told Martin that Martin’s former position of Manager of the Senior Services Division was no longer open, and she directed Martin to report to the Director of the Smith-Robertson Museum, for whom Martin would work as a secretary.
Martin thereafter contacted her lawyer, who wrote a letter to Lyles that further court action would be initiated on behalf of Martin if she was not immediately reinstated to her former position of Manager of the Senior Services Division. Martin was advised by her lawyer to accept employment in the offered position at Smith-Robertson Museum until she was reinstated to her former post.
II
Martin subsequently filed a complaint in Hinds County Circuit Court for First Judicial District seeking enforcement of the Commission’s Order. The City of Jackson filed a motion to dismiss Martin’s circuit court petition on the grounds that the circuit court lacked jurisdiction over the subject matter, the complaint failed to state a claim under which relief could be granted, and the plaintiff had failed to exhaust the administrative remedies available to her under the Civil Service laws of Mississippi.
The circuit court ruled that by virtue of the Jackson Civil Service Commission order of October 25, 1991, Anita Martin was entitled to be reinstated to her former position of Manager of the Senior Services Division of the Jackson Department of Human and Cultural Services. The court deemed this to be the only reasonable interpretation of the Civil Service Commission’s directive that “Ms. Martin be reinstated ...” (emphasis added). The court therefore issued a writ of mandamus compelling the City of Jackson to reinstate Anita Martin to her original position of Manager. of the Senior Services Division. The City of Jackson has appealed the entry of that writ to this Court.
*255 This appeal presents the following issues:
1) Did the Circuit Court have jurisdiction to entertain Anita Martin’s action to compel her reinstatement to her former job position?
2) Did the Circuit Court have the authority to issue an order compelling the City of Jackson to reinstate Anita Martin to the position of manager of the Senior Services Division of the Jackson Department of Human and Cultural Services?
Ill
The City of Jackson contends that the Mississippi Civil Service Act establishes the Civil Service Commission as the exclusive forum for deciding public employment disputes and determining whether a given municipality has complied with the mandates of the Commission. In the instant case, the Civil Service Commission ordered “that Ms. Martin be reinstated with back pay and benefits in the appropriate amount since the date of discharge.” The City of Jackson contends that it complied with this order by virtue of having restored Martin to the city payroll at the same salary and benefits she would have been receiving had she never been terminated. Therefore, claims the city, Martin’s dispute with the city’s transfer of her to the Smith-Robertson Museum as a secretary presented a question of compliance that could only be resolved by the Civil Service Commission.
Anita Martin contends, on the other hand, that the city’s actions clearly did not comply with the Commission’s unambiguous mandate that Martin be “reinstated.” Therefore, in her eyes, the issue was solely one of enforcement of the Civil Service Commission’s order, and the circuit courts have the authority to issue writs of mandamus in such instances.
Section 21-31-71, Miss.Code Ann. (1972), has the following to say about the roles of the Civil Service Commission and the circuit courts in resolving public employment disputes:
Any person so removed, suspended, demoted, discharged or combination thereof may, within ten (10) days from the time of such disciplinary action, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether such disciplinary action was or was not made in good faith for cause. After such an investigation the commission may, if in its estimation the evidence is conclusive, affirm the disciplinary action, or if it shall find that the disciplinary action was made for political or religious reasons, or was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted, discharged, or combination thereof, which reinstatement shall, if the commission so provides in its discretion, be retroactive, and entitle such person to pay or compensation from the time of such disciplinary action.... The findings of the commission shall be certified in writing to the appointing power, and shall be forthwith enforced by such officer.
The findings of the commission shall be conclusive and binding unless either the accused or the municipality shall, within thirty (30) days from the date of the entry of such judgment or order on the minutes of the commission and notification to the accused and the municipality, appeal to the circuit court of the county within which the municipality is located ... The said circuit court shall thereupon proceed to hear and determine such appeal. However, such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion, suspension or combination thereof made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.
Miss.Code Ann. § 21-31-71 (1972). The statute is silent on what fora are appropriate for determining compliance and providing enforcement.
With respect to enforcement, though, it has long been the rule in this State that the civil courts may in certain instances exercise jurisdiction under our writ of mandamus statute to compel public officials and state agencies to perform those duties which they *256 are bound by law to perform. E.g., Board of Education of Forrest County v. Sigler, 208 So.2d 890, 892 (Miss.1968); Board of Supervisors of Prentiss County v. Miss. State Highway Commission, 207 Miss. 839, 42 So.2d 802 (1949). Section 11-41-1 provides:
On the petition of the state, by its attorney general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of duty.
Miss.Code Ann. § 11-41-1 (1972). Thus, if the issue presented by Anita Martin’s complaint was merely one of enforcing a Civil Commission order, and Anita Martin had no other “plain, adequate, and speedy” access to the remedy she sought, the plain language of § 11-41-1 clearly bestows jurisdiction on the circuit court.
This issue .turns on what the Civil Service Commission meant when it said Anita Martin should be “reinstated.” The common, everyday meaning of the word is to restore to a formerly effective condition. See Webster’s Third New International Dictionary, p. 1915 (1986). The language of the Commission’s order reads as follows:
... [I]t is the opinion of the Commission that the City failed to meet its burden to establish that Mrs. Martin was incompetent or inefficient in the performance of her duties as Manager of the Aging Services Division.
It is, therefore, the order of this Commission that Ms. Martin be reinstated with back pay and benefits in the appropriate amount since the date of discharge.
It is clear from the context of the Commission’s order of reinstatement and the common usage of the word “reinstate” that the Commission intended for Martin to be placed back in the same position from which they determined she was unjustifiably discharged.
The Mississippi Supreme Court has never had the occasion to rule on what “reinstate” means; but virtually every court that has squarely confronted this question within the context of civil service employment has determined that “reinstate” means placing one in the same job position he occupied before some adverse action was taken against him. E.g., Olander v. Ohio Environmental Protection Agency, 45 Ohio St.3d 196, 543 N.E.2d 1262, 1264 (1989); Gorski v. School District of the Borough of Dickson City, 178 Pa.Super. 158, 168, 113 A.2d 334, 339 (1955); State ex. rel. Spurck v. Civil Service Board, 226 Minn. 253, 262, 32 N.W.2d 583, 588 (1948); Berg v. Seaman, 224 Wis. 263, 271 N.W. 924, 925 (1937); But see Department of Transportation v. Jones, 5 Pa.Cmwlth. 263, 290 A.2d 434, 436 (1972) (court created an exception to the rule that reinstatement requires restoring employee to his former job, where employee clearly lacked the skills and qualifications necessary to perform the job he formerly held and would face the possibility of termination in the future for inadequately performing the job.)
In Olander v. Ohio Environmental Protection Agency, the Supreme Court of Ohio held that a reinstatement order from the Ohio Court of Common Pleas required that a classified civil service employee be returned to his former job not just to his former classification. 543 N.E.2d at 1264. In Gorski v. School District of the Borough of Dickson City, several teachers who had been placed on a suspended list due to fiscal concerns sued the Dickson City, Pennsylvania, School District for an alleged violation of their seniority rights. They claimed that the School District had reinstated one of the other teachers from the suspended list who had less seniority than they did. The Pennsylvania Superior Court held that “the word ‘reinstate’ means to return to a former status,” and in the context of that ease meant to “return the teacher to the status she enjoyed prior to her suspension with all the rights and emoluments thereto.” 178 Pa.Super. at 168, 113 A.2d at 339. The court then determined that the facts indicated the teacher had been retained only as a substitute teacher and had not been reinstated. Id. She received the salary of a substitute teacher *257 and did not acquire any additional tenure time. Id.
In State ex. rel. Spurck v. Civil Service Board, the Minnesota Supreme Court held that reinstatement of a discharged civil service attorney meant returning him to the same government-attorney class level that he occupied before being discharged. 32 N.W.2d at 588. The Court noted, “Reinstatement of a discharged employee means to restore him to the position to which he was entitled at the time of his discharge.” 32 N.W.2d at 587; citing Horrigan v. Mayor of Pittsfield, 298 Mass. 492, 11 N.E.2d 585 (1937); Barrows v. Riss & Co. Inc., 238 Mo.App. 334, 179 S.W.2d 473 (1944); Harcher v. Hurley, 116 N.J.L. 18, 181 A. 309 (1935); and Berg v. Seaman, 224 Wis. 263, 271 N.W. 924 (1937).
In Berg v. Seaman, a woman employed as a graduate nurse at a state hospital was fired ' mistreatment of a patient. The bureau’s sonnel board conducted a hearing, deter-l ed that the woman’s conduct did not jus-ti ■ complete termination, and ordered the hospital to offer the woman a job as an attendant. 271 N.W. at 925. A few days later the personnel board informed the superintendent that the minutes made upon the hearing did not correctly reflect its decision, and that instead of requiring re-employment of the woman “in the capacity of attendant at the initial salary established for that position,” the order should have read “in the capacity of physiotherapy aid at the salary received by her immediately prior to her promotion from such position to that of graduate nurse.” Id. Wisconsin’s civil service laws provided that after holding a hearing on the cause for the termination of a public employee, the personnel board had the authority to “either sustain the action of the appointing officer, or ... reinstate the employee fully or upon such conditions as the board shall determine.” Id. Consequently, the Minnesota Supreme Court held that the personnel board had exceeded its authority in ordering re-employment to a position different than that the plaintiff held immediately before discharge. Id. The Court said:
The point of controversy is whether the word “reinstatement” in the statute cited means reinstatement in the position occupied by the employee before her discharge, or reinstatement in the service of the institution. We are of the opinion that the word means reinstatement from the position from which the employee was removed when she was discharged. The order was to offer re-employment. Re-employment is not reinstatement, much less is re-employment in the service in a position entirely different from the position from which she was removed reinstatement. (emphasis added).

Id.

The word “reinstate” carries legal significance in other contexts such as insurance law and labor relations; and in those areas as well, courts have consistently held that “reinstate” means restoring something or someone to its previous status. E.g., United Steelworkers of America, AFL-CIO, CLC v. Dayton-Walther Corporation Muncie Division, 657 F.Supp. 50, 54 (S.D.Ind.1987) (labor arbitration); Cleveland v. United States, 201 F.2d 398, 400 (9th Cir.1953) (term life insurance policy); Franklin Life Insurance Co. v. Parish, 109 F.2d 276, 277 (5th Cir.1940) (life insurance); NLRB v. Hearst, 102 F.2d 658, 663 (9th Cir.1939) (labor relations).
Applying the commonly accepted definition of “reinstatement” to the instant case, Anita Martin was, by virtue of the Civil Service Commission order of reinstatement, entitled to be repositioned in the office of Manager of the Aging Services Division. Placing her in any other position was, in the words of Berg v. Seaman, “reemployment but not reinstatement.” 271 N.W. 924, 925 (1937). Therefore, by not restoring Anita Martin to the position of Manager of the Senior Services Division, the City of Jackson clearly failed to perform a duty which it had a legal obligation to execute. This presents circumstances under which § 11-41-1 of the Mississippi Code confers jurisdiction upon the circuits courts to issue writs of mandamus.
In Board of Education of Forrest County v. Sigler, 208 So.2d 890, 892 (Miss.1968), this Court said of the issuance of a writ of mandamus:
“The writ of mandamus is an extraordinary writ, and before the writ can be is *258 sued it must affirmatively appear that four essential elements are present: (1) the petition must be brought by the officers or persons authorized to bring the suit; (2) there must appear a clear right in petitioner to the relief sought; (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel; and (4) there must be an absence of another remedy at law.” (citing Board of Supervisors of Prentiss County v. Mississippi State Highway Commission, 207 Miss. 839, 42 So.2d 802 (1949)).
These four prerequisites appear easily met in the instant case. Section 11^41-1 includes “any private person who is interested” within its definition of persons authorized to bring suit for a writ of mandamus. Miss.Code Ann. 11-41-1 (1972). Certainly, Anita Martin had an interest in an action to enforce an order mandating that she be reinstated to a particular job position. Under § 21-31-71, the act noted above which vests the Civil Service Commission with its powers, the Civil Service Commission’s order mandating Ms. Martin’s reinstatement clearly created a right in Ms. Martin and a duty on the part of the City of Jackson. Finally, the Civil Service Commission is established in this State as the only forum where a terminated public employee may contest his dismissal and seek reinstatement. City of Jackson v. Thomas, 331 So.2d 926, 927 (Miss.1976); Tenant v. Finane, 227 Miss. 410, 415, 86 So.2d 453 (1956). Ms. Martin prevailed in her appeal to the Civil Service Commission and got an order for precisely the relief she sought. She had no reason to question the correctness of the Commission’s findings to the circuit court; § 21-31-71, by its very terms, limits the scope of appellate review to that purpose. All Anita Martin wanted was enforcement of the Commission’s order. There was no process left under the statute of which she could avail herself. Her only recourse was to pursue was a writ of mandamus.
The City of Jackson contends that the circuit court could not order reinstatement of Anita Martin to a particular job position, because such an act would usurp the discretion of the City of Jackson to decide how its employees may best be utilized. In actuality, all the Circuit Court did was enforce the statutory authority of the Civil Service Commission to intervene upon the discretion of the city where the city abuses its discretion by suspending, demoting, or firing an employee without just cause. Although it does not appear of record that the courts of this State have used the writ of mandamus specifically to compel reinstatement of a civil service employee, the writ has often been used for this purpose in our sister states. See, e.g., State ex rel. Borsuk v. City of Cleveland, 28 Ohio St.2d 224, 277 N.E.2d 419, 421 (1972); State ex rel. Spurck, 32 N.W.2d 583, 589; John v. District Attorney for the Northern District of Massachusetts, 342 Mass. 212, 215, 172 N.E.2d 703, 705 (1961).

CONCLUSION

The judgment of the Hinds County Circuit Court is affirmed.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.