# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CC-00727-SCT

*LOUIS BEASLEY*

*v.*

*CITY OF GULFPORT, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/97 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES KENNETH WETZEL |
| ATTORNEY FOR APPELLEE: | DARA SKINNER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 12/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/7/99 |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This case arises from a finding by the Harrison County Circuit Court wherein it affirmed a decision of the Gulfport Civil Service Commission finding that Louis Beasley should be reinstated as an employee of the City of Gulfport without back pay and at his previous level of pay prior to the position that he was occupying at the time of his termination.

¶2. Louis Beasley was fired from the City of Gulfport as the Head Building Official July 25, 1995. In accordance with the rules and regulations of the Gulfport Civil Service Commission as adopted by the City of Gulfport, Beasley advised the City that he wished a full investigatory and disciplinary hearing to determine whether or not the actions of the City of Gulfport in terminating his services were done in good faith and for cause.

¶3. The Gulfport Civil Service Commission granted Beasley a hearing beginning January 4, 1996, and ending January 22, 1996. The Gulfport Civil Service Commission entered its order on February 5, 1996 finding the following:

The Commission finds that the City of Gulfport failed to meet its burden of proof to warrant the termination of Louis Beasley, and therefore, finds that he should be reinstated as an employee of the City of Gulfport as of February 5, 1996. The Commission further finds that there was sufficient evidence of misconduct on the part of Louis Beasley to be reinstated without back pay. Further, he is ordered to report to the Chief Administrative Officer, Havard Jordan, for further job assignments. It is further ordered that Louis Beasley is hereby reduced to his previous level of pay prior to the position he was occupying at the time of his termination.

¶4. Feeling aggrieved by the decision of the Gulfport Civil Service Commission, Beasley filed a Motion to Reconsider the Order of the Commission. The Commission denied the Motion to Reconsider on August 5, 1996.

¶5. Beasley then appealed to the Harrison County Circuit Court pursuant to the Gulfport Civil Service Rules and Regulations and the Mississippi Code. On June 2, 1997, the Harrison County Circuit Court affirmed the actions of the Gulfport Civil Service Commission. It is from this Order that Beasley seeks appeal to this Court citing the following points of error:

> **I. THE CIRCUIT COURT AND GULFPORT CIVIL SERVICE COMMISSION ERRED AS A MATTER OF LAW IN VIOLATING § 21-31-71 (MISSISSIPPI CODE OF 1972) WHICH ONLY ALLOWS DISCHARGE OF CIVIL SERVICE EMPLOYEES UPON WRITTEN CONFIRMATION OF THE APPOINTING POWER WHICH IN THIS CASE IS THE MAYOR OF THE CITY OF GULFPORT.**
>
> **II. THE DECISION OF THE GULFPORT CIVIL SERVICE COMMISSION AS A MATTER OF LAW IS LEGALLY INVALID AND IN EXCESS OF THE DISCIPLINARY ACTION PERMITTED UNDER § 21-31-23 OF THE MISSISSIPPI CODE OF 1972, AS AMENDED.**
>
> **III. THE GULFPORT CIVIL SERVICE COMMISSION VIOLATED ITS OWN RULES AND REGULATIONS AS WELL AS THE MISSISSIPPI CODE GOVERNING CIVIL SERVICE COMMISSION HEARINGS BY RENDERING DISCIPLINARY ACTION AGAINST THE EMPLOYEE LOUIS BEASLEY. THE CIVIL SERVICE COMMISSION MADE SPECIFIC FINDINGS THAT THE CITY OF GULFPORT FAILED TO MEET ITS BURDEN OF PROOF TO WARRANT THE TERMINATION OF LOUIS BEASLEY AND THE CIVIL SERVICE COMMISSION FINDING THAT HE SHOULD BE DISCIPLINED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

## STATEMENT OF THE FACTS

¶6. Louis Beasley, the Chief Building Official for the City of Gulfport, received a letter of termination on July 25, 1995, citing the following reasons for termination: (1) that he was "guilty of conduct unbecoming to an employee of the City of Gulfport either while on or off duty; (2) attempting to induce an employee of the City of Gulfport to commit an illegal act or acts in violation of any lawful or reasonable departmental regulation; (3) wantonly offensive conduct or language toward the public, a superior or fellow employee." The termination was effective July 25, 1995.

¶7. The termination proceedings began when it was brought to the attention of Beasley's supervisor, Glenn

Robinson, that Beasley, who was out on sick leave, requested that some other employees of the City of Gulfport's planning department come to a meeting at a trailer he kept to meet the city employees' resident requirements. Lewis Lee, Ben Prichard, and Charlie McClendon were the three city employees Louis Beasley called to his trailer. Lewis Lee was acting Chief Building Official while Beasley was out on sick leave.

¶8. Beasley had been in close contact with Lewis Lee in an effort to keep up with the day to day events of his department. When Lewis Lee received the request to come to the meeting, he contacted Glenn Robinson and informed him about the meeting. Glenn Robinson then asked Mr. Lee to go ahead and go to the meeting. The purpose for sending Mr. Lee to the meeting was so that he could report on any discussion which took place at the meeting to Mr. Robinson. On this particular day, Beasley requested that Mr. Lee bring copies of any memos or other correspondence that had crossed his desk. His general practice had been to simply discuss anything on his desk with Mr. Lee rather than actually having him make copies.

¶9. After the meeting Glenn Robinson prepared a memo, signed by Mr. Lee, detailing the discussions from the meeting. He reported that Beasley suggested that the three men stage a flu-out in an effort to undermine Mr. Robinson. Beasley reportedly said that if they all stuck together, they could bring Mr. Robinson down. Mr. Lee refused to take part in the flu-out. Mr. Lee also reported that Beasley stated that he would get support from outside contractors in his effort to get Glenn Robinson fired. However, there was no support in the record for such allegations.

¶10. At the hearing held by the Civil Service Commission, Mr. Lee reported that other than stating that he could not work with Mr. Robinson, Beasley made no disparaging comments about him. However, the testimony at the hearing was correctly restricted to any comments made at the meeting because that was the reason stated for firing Beasley.

¶11. Beasley received notice on July 18, 1995, of a hearing to be held on July 19, 1995, in response to the charge against him. On July 19, 1995, Beasley appeared before Havard Jordan, Jr., Chief Administrative Officer for the City of Gulfport, and Doug Clements, Personnel Officer for the City. In his termination letter dated July 25, 1995, and hand delivered to him on that same day, Havard Jordan, Jr. stated that "after weighing the evidence against you, and taking your response into consideration, I must regretfully inform you that you are hereby terminated from employment with the City of Gulfport effective immediately." The original letter of termination hand delivered to Beasley was not signed by the Mayor of Gulfport, but a copy of the letter, signed by the Mayor on July 27, 1995, was admitted into evidence during the hearing of the Civil Service Commission.

## INTRODUCTION

¶12. The question before this Court is to determine whether or not the action of the Civil Service Commission was in good faith for cause. Also included is whether or not there was substantial evidence before the Civil Service Commission to support its order and whether it is arbitrary, unreasonable, confiscatory, and capricious. *City of Meridian v. Hill*, 447 So.2d 641, 643 (Miss. 1984), *See also Eidt v. City of Natchez*, 421 So.2d 1225, 1231 (Miss. 1982); *City of Jackson Police Dep't. v. Ruddick*, 243 So.2d 566 (Miss. 1971); *City of Hattiesburg v. Jackson*, 235 Miss. 109, 108 So.2d 596 (1959).

It is thus clear that the scope of review of the circuit court, and of this Court, is limited, and we must ever bear in mind that it is not what the court, had it been a member of the governing authority, might

have done in a particular instance, or indeed whether or not the court thinks a mistake may have been made, but instead the criterion is whether or not from an examination of the record there exists credible evidence substantiating the action taken by the city. It is upon this basis that the court determines whether or not the decision was 'in good faith for cause.'

*City of Jackson v. Froshour*, 530 So.2d 1348, 1355 (Miss. 1988).

## ANALYSIS

### I. THE CIRCUIT COURT AND GULFPORT CIVIL SERVICE COMMISSION ERRED AS A MATTER OF LAW IN VIOLATING § 21-31-71 (MISSISSIPPI CODE OF 1972) WHICH ONLY ALLOWS DISCHARGE OF CIVIL SERVICE EMPLOYEES UPON WRITTEN CONFIRMATION OF THE APPOINTING POWER WHICH IN THIS CASE IS THE MAYOR OF THE CITY OF GULFPORT.

¶13. In his first assignment of error Beasley argues that the Civil Service Commission erred in allowing the second letter of July 25, 1995, and signed by the Mayor July 27, 1995, into evidence. Further, Beasley argues that the Civil Service Commission failed to comply with § 21-31-71 of the Mississippi Code Annotated which sets out the requirement that any disciplinary action taken against a civil service employee must be confirmed by the regular appointing authority. Beasley contends that there was no testimony by the Mayor that the second letter was ever mailed or that it was received by Beasley. Finally, Beasley maintains that even though the chief administrative officer of the planning department issued the letter of termination to Beasley, the statute still requires that the Mayor of the City of Gulfport confirm the termination; and therefore, the termination is void *ab initio*.

¶14. Mississippi Code Ann. § 21-31-71 (1990) applies to the commission form of government and, therefore, contemplates that someone other than the mayor will confirm the suspension issued by the mayor. Gulfport has a mayor-council form of government in which the mayor has the power of discharge.

¶15. In *Eidt v. City of Natchez*, this Court, faced with the same issue now before the Court, interpreted the meaning of § 21-31-23, the sister statute to § 21-31-71, which applies to city employees. In *Eidt*, unlike the present case, the discharge was signed by the fire chief without any authority or confirmation from the mayor who was the appointing authority. *Eidt v. City of Natchez*, 382 So.2d 1093, 1095 (Miss. 1980).

¶16. This Court in reversing the disciplinary action stated as follows:

Section 21-31-23 precludes any power or right of the Chief of the Fire Department to terminate an employee protected by civil service. Natchez's argument that, absent an express showing otherwise, it is 'assumed' that the regular appointing power approved the discharge is contrary to the essence of civil service protection. Accordingly, we cannot uphold Fire Chief Cummings' discharge of Eidt who must be reinstated with back pay subject to allowance for Eidt's duty to mitigate his damages.

*Id*. In the case now before this Court, the original letter was issued by Havard Jordan, but it was confirmed by Mayor Combs. Therefore, the case at bar is distinguishable from *Eidt* in that here, the Mayor does have the authority to discharge the employee. Therefore, this issue is without merit*.*

**II. THE DECISION OF THE GULFPORT CIVIL SERVICE COMMISSION AS A MATTER OF LAW IS LEGALLY INVALID AND IN EXCESS OF THE DISCIPLINARY ACTION PERMITTED UNDER § 21-31-23 OF THE MISSISSIPPI CODE OF 1972, AS AMENDED.**

¶17. Next, Beasley argues that the Civil Service Commission exceeded its authority by ordering that he report to the Chief Administrative Officer, Havard Jordan, for further job assignments. Beasley contends that reinstatement means that he should have been given the position he held at the time he was terminated, chief building official, rather than reporting to Havard Jordan for further job assignments.

¶18. Appellant herein relies on *City of Jackson v. Martin* in support of the proposition that reinstatement entitles employee to the same position and was not accomplished merely by rehiring employee with same salary and benefits. *City of Jackson v. Martin*, 623 So.2d 253, 256 (Miss. 1993). In *Martin*, the Jackson Civil Service Commission unequivocally ruled that "Ms. Martin be reinstated with back pay and benefits in the appropriate amount since the date of discharge." *Id.* at 255. When Martin reported to work, however, pursuant to the Commission's Order, she was informed that her position had been filled and was no longer available. Martin was further directed to report to the Director of Smith-Robertson Museum for whom she would act as secretary. In that case this Court affirmed the finding of the Hinds County Circuit Court that by virtue of the order of the Jackson Civil Service Commission, Martin was entitled to be reinstated to her former position of Manager of the Senior Services Division of the Jackson Department of Human and Cultural Services. *Id.* at 254. This Court determined in *Martin*, that the only reasonable interpretation of reinstatement in that case, meant that Martin would be returned to the position she held at the time she was discharged.

¶19. However, *Martin* is distinguishable from the case at bar. In the case now before the Court, the Harrison County Civil Service Commission unambiguously stated the action that should be taken against Louis Beasley. The Harrison County Civil Service Commission found as follows:

> The Commission finds that the City of Gulfport failed to meet its burden of proof to warrant the termination of Louis Beasley and, therefore finds that he should be reinstated as an employee of the City of Gulfport as of February 5, 1996. The Commission further finds that there was sufficient evidence of misconduct on the part of Louis Beasley to be reinstated without back pay. Further, he is ordered to report to the Chief Administrative Officer, Havard Jordan, for further job assignments. It is further ordered that Beasley is hereby reduced to his previous level of pay prior to the position he was occupying at the time of his termination.

¶20. The Harrison County Civil Service Commission made it perfectly clear what action it felt appropriate given the present circumstances. The commission left no room to interpret its intended meaning of reinstatement. The commission unequivocally stated that Beasley was not to return to the same position, was not to receive the same pay, and was not to receive back pay.

¶21. Beasley also argues that the commission exceeded its statutory authority under § 21-31-71 when it reinstated him to his previous position while at the same time reducing his pay to the level of the position he held prior to being appointed chief building official. Beasley contends that § 21-31-71 should be construed to mean that the commission can modify the disciplinary action of an employee by suspension or demotion, but not both. Section 21-31-71 reads in its pertinent part as follows:

The commission upon such investigation may, in lieu of affirming the disciplinary action, modify the order of removal, suspension, demotion, discharge or combination thereof by directing a suspension without pay, for a given period and subsequent restoration of duty or by directing a demotion in classification, grade or pay, **or by any combination thereof**. The findings of the commission shall be certified in writing to the appointing power, and shall be forthwith enforced by such officer.

Miss. Code Ann. § 21-31-71 (1990) (emphasis supplied).

¶22. The language of the statute, which was amended[1] in 1984 to include the "or by any combination thereof" language, clearly allows the commission to suspend, demote, or discharge an employee by suspending without pay or ordering a demotion in classification, grade or pay, or use any combination of the three. Therefore, the commission complied with the statutory requirements in issuing its Order.

¶23. The Civil Service Commission was within its authority pursuant to § 21-31-71 in issuing the Order against Louis Beasley. For this reason, this issue is without merit.

### III. THE GULFPORT CIVIL SERVICE COMMISSION VIOLATED ITS OWN RULES AND REGULATIONS AS WELL AS THE MISSISSIPPI CODE GOVERNING CIVIL SERVICE COMMISSION HEARINGS BY RENDERING DISCIPLINARY ACTION AGAINST THE EMPLOYEE LOUIS BEASLEY. THE CIVIL SERVICE COMMISSION MADE SPECIFIC FINDINGS THAT THE CITY OF GULFPORT FAILED TO MEET ITS BURDEN OF PROOF TO WARRANT THE TERMINATION OF LOUIS BEASLEY AND THE CIVIL SERVICE COMMISSION FINDING THAT HE SHOULD BE DISCIPLINED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

¶24. Finally, Beasley argues that because the Civil Service Commission, in saying that the City of Gulfport failed to meet its burden of proof to warrant termination and ordering immediate reinstatement, failed to set out what facts, if any, indicated evidence of misconduct on the part of Louis Beasley, it violated § 21-31-71. Beasley further argues that Mr. Lewis Lee was the only witness who testified to any wrong doing on the part of Beasley, and that the city offered no other testimony to support or corroborate any testimony by Mr. Lee. Therefore, Beasley contends that there is not sufficient evidence contained within the record for this Court to determine whether or not the City of Gulfport's action against him was made "in good faith for cause." This Court holds that Mr. Lee's testimony was sufficient evidence in the present case to substantiate the Gulfport Civil Service Commission's Order.

¶25. The City of Gulfport correctly maintains that there is substantial evidence in the record of the Gulfport Civil Service Commission to substantiate its order of February 5, 1996, reinstating Louis Beasley as an employee of the City of Gulfport without back pay and at the previous salary level and position he occupied prior to occupying the position of Chief Building Official. The City of Gulfport also correctly points out that the facts upon which the commission based its order are contained within the record of the hearing held before the Civil Service Commission at Beasley's request.

¶26. This Court has said that the Act permitting an appeal to circuit court if the Civil Service Commission of a city concurs in the judgment of an order suspending, demoting or discharging a civil service employee is constitutional in view of the fact that statute limits the issue in circuit court to the question of whether the decision of Commission was in good faith for cause, and it does not authorize a trial de novo in the sense of permitting the circuit court or jury to substitute their judgment for that of commission exercised in purely

executive function. *See* ***City of Meridian v. Davidson***, 211 Miss. 683, 53 So.2d 48 (1951). "It is to be conceded that the Act does not authorize the circuit court to determine the factual issue of whether or not the employee was guilty or innocent of the conduct complained of, but merely whether the commission could have reasonably acted in good faith in believing so from the evidence before it, and whether the alleged conduct amounted to a cause for discharge." *Id*. at 709, 53 So.2d at 60.

¶27. In the present case, the commission heard testimony from both the City of Gulfport and Louis Beasley and determined that the city failed to meet its burden of proof necessary to warrant termination. Further the commission found that there was not sufficient evidence to terminate Beasley, but there was substantial evidence of misconduct to warrant reinstating him without back pay. The commission, acting as the finder of fact, determined that the city acted in good faith in disciplining Beasley, and the commission further exercised its right, discussed in issue II, *supra*, to amend the actions of the City of Gulfport by reinstating Beasley without back pay.

¶28. There was sufficient evidence of misconduct on the part of Louis Beasley to warrant the disciplinary action taken by the Gulfport Civil Service Commission. For these reasons, this issue is without merit.

## CONCLUSION

¶29. In conclusion, there was substantial evidence to find that Louis Beasley acted in a manner unbecoming a civil service employee. There was credible evidence to substantiate the action by the Civil Service Commission. There is no evidence which disputes the finding by the circuit court that the actions taken by the commission were in good faith for cause. There is nothing contained within the record which would indicate that the Mayor of Gulfport, the regular appointing authority, did not confirm the actions of Havard Jordan within the three (3) days required by statute.

¶30. The Commission acted within its rights in ordering that Beasley be reinstated as an employee of the City of Gulfport in a different position, without back pay, and at the salary he received before being appointed to the position of Chief Building Official. Finally the commission acted within the statutory limits in both demoting Beasley and lowering his salary.

¶31. For these reasons, the decision of the commission should be upheld as affirmed by the Harrison County Circuit Court.

¶32. **AFFIRMED.**

**PRATHER, C. J., SULLIVAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. The appellant relies on this Court's opinion in ***Banks v. City of Greenwood***, 404 So.2d 1038 (Miss. 1981), in support of his argument that the commission exceeded its authority when it both modified the city's disciplinary action and demoted him. This Court did find that the commission could do one or the other but not both in ***Banks***. However, § 21-31-71 was amended in 1984, after the ***Banks*** opinion was issued, to allow the commission to order "any combination thereof." Therefore, this Court's ruling in that particular case is no longer binding on this Court.