## STEGALL *v.* CITY OF MERIDIAN

No. 40227 January 28, 1957 92 So. 2d 331

*Russell Wright, Lavalle Smith,* Meridian, for appellant.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellee.

McGEHEE, C. J.

The appellant, Cleo F. Stegall, an employee of the City of Meridian as police patrolman, was discharged by the city manager on June 12, 1955, and notified thereof by the chief of police on June 16, 1955, pending investigation of certain charges which had been preferred against him, and was notified thereupon that he was dismissed from his duties as patrolman and separated from the city service, effective June 16, 1955.

The following grounds were assigned by the city manager as reasons for such dismissal: (1) Drinking intoxicating liquors while on duty; (2) inattention to duty; (3) immoral conduct while on duty; (4) using property of of the City of Meridian for immoral purposes; and (5) failure to discharge his duties as a police officer.

Under date of June 21, 1955, the appellant through his attorney of record by letter addressed to the Board of Civil Service Commission of the City of Meridian, requested in writing an investigation of the charges made. This written demand further requested that the charges be made more definite and more specific. The written demand contained, however, the following sentence: "However, recognizing that you gentlemen will conduct a fair investigation, Mr. Stegall only requests, if the charges are not made more specific, an opportunity to meet such charges in such investigation."

Accordingly, the Board of Civil Service Commission set June 30, 1955, for the making of such investigation, which hearing was continued until July 1, 1955. After hearing witnesses presented on behalf of the City, the investigation was adjourned until July 8, 1955. On July 12, 1955 the Board of Civil Service Commission, con-

sisting of three members, entered an order, by a vote of two to one, sustaining the discharge of the appellant, finding in such order that the discharge was not for political or religious reasons and was in good faith for cause.

 █ The appellant's subsequent petition for a special finding of fact, as to whether the appellant had been proven by substantial evidence to be guitly of charges preferred against him, was denied by the board unanimously. The denial of this petition is assigned as one of the errors for reversal of the case. But we are unable to find that the statute under which the appellant was discharged, Section 3825-11 of the Mississippi Code of 1942, Annotated, requires a special finding of fact by the Civil Service Commission.

The investigation was had before the Civil Service Commission at which all of the available witnesses, both pro and con, gave testimony as to the charges on which the appellant was suspended. All of the witnesses who were claimed to have been present when the circumstances complained of occurred, gave testimony at the hearing before the commission, except a travelling salesman involved in one of the incidents whose name was unknown either to the City or to the appellant and whose then whereabouts was unaccounted for.

 █ On the conflicting testimony heard by the commission the dismissal of the appellant by the city manager was upheld on the ground that he had acted in good faith and for cause, and the judgment of dismissal in effect so recited. No evidence was produced by the appellant before the commission tending to show that there was any political or religious significance to his dismissal. The appellant testified on the issue of whether or not his dismissal was in good faith for cause. The commission had the right to reasonably conclude, even from the testimony of the appellant, that the accused officer was at least guitly of the second and fifth causes speci-

fied in the written charges, and the testimony was conflicting ·as to his guilt or innocence of the other three grounds.

 █ The Board of Civil Service Commission was limited by statute, Section 3825-11, supra, to the determination of the question of whether the discharge of the employee was or was not made for political or religious reasons, or was or was not made in good faith for cause. Moreover, the case of the City of Meridian v. Davidson, 211 Miss. 683, 53 So. 2d 48, expressly held that it was necessary, in upholding the constitutionality of this statute to limit the circuit court to the determination of whether the judgment or order of removal, discharge, demotion or suspension of a municipal employee made by the commission was or was not made in good faith for cause, █ and that the burden to show that the commission had acted in bad faith or without cause was upon the appellant employee. And that case further held that it was beyond the constitutional power of the legislature in providing an appeal to the circuit court from a judgment of the civil service commission of a municipality in the matter of the discharge of a municipal employee to confer upon the circuit court and a jury by a trial de novo, the performance of nonjudicial functions and thereby to permit the court or jury to substitute their own judgment for that of the civil service commission when the latter had exercised purely an executive function. The author of this opinion in the case at bar wrote the opinion in the Davidson case, and it is by chance, not by choice, that he is called upon to write this opinion in the instant case. We think that the Davidson case is controlling in the case at bar on what was expressly decided in that case instead of by *obiter dicta* contained in the next to the last paragraph of the opinion in the Davidson case. That paragraph recognized that what was being said therein was by way of *obiter dicta,* and not decision. The paragraph of that opinion just

above referred to expressly stated that "no such issue is here presented" as that suggested in the forepart of that paragraph when the author said: "It is the thought of some of the Judges that an issue of fact for a jury could arise if on appeal to the circuit court the employee should offer evidence *de hors* the record of the testimony taken before the commission, bearing directly upon the want of good faith of that body, as for instance, where it could be shown that a majority of the commissioners * * * had stated that they did not believe the employee guilty of the conduct complained of, but that they had been awaiting the opportunity to get rid of the employee on general principle, or that they were merely paving the way to give the employment to someone else, or had voted for some other extraneous reason than on the actual merits of the charges preferred against the employee. * * * " We now hold that the members of the commission would not be competent to impeach their own verdict and finding wherein they had voted to affirm the action of the city manager on the ground that he had acted in good faith and for cause.

We are of the opinion that no error was committed by the circuit judge in denying a jury trial for that purpose, since the proposed testimony as to the admissions of two of the commissioners who had voted to affirm the action of the city manager in the instant case would not have been competent. In other words, we do not think that the pleadings in this case presented a proper issue for the determination of a jury in the circuit court. We therefore conclude that the action of the circuit court in affirming the action of this Civil Service Commission on the state of the record presented to that court was correct, and should be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie,* JJ., concur.