437 So.2d 1215 (1983)
CITY OF GULFPORT, Appellant
v.
Billy D. SAXTON, Appellee.
No. 54477.
Supreme Court of Mississippi.
September 28, 1983.
Joseph R. Meadows, Graves, Riley, Meadows & Walker, Gulfport, for appellant.
Thomas J. Long, Gulfport, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents the question of whether an order entered by a circuit court acting within its appellate jurisdiction and without notice to the parties becomes final and irrevocable at the close of the court's next regular term. Or, to put the matter another way, once the appellate Circuit Court had affirmed (without notice to the parties), did the closing of the next succeeding regular term of the Circuit Court oust that court of jurisdiction to consider what in effect was a petition for rehearing, leaving aggrieved parties with further appeal to this Court as their sole remedy?
The loss of power that normally accompanies the closing of a term of circuit court does not occur when that court is acting within its appellate jurisdiction. We, therefore, answer the above questions in the negative and affirm the Circuit Court's judgment wherein it reconsidered its original affirmance of a Civil Service Commission order and thereupon reversed.

*1216 II.
Prior to the advent of the proceedings in question, Billy D. Saxton served as a lieutenant with the Gulfport Police Department. He was discharged by Chief of Police Larkin Smith on September 22, 1977. This action was upheld by the City of Gulfport's Civil Service Commission. Saxton then perfected an appeal to the Circuit Court of the First Judicial District of Harrison County, Mississippi. Miss. Code Ann. § 21-31-23 (1972).
Saxton's appeal was docketed in the Circuit Court on November 15, 1979. On December 17, 1979, Saxton, as Appellant, filed a brief in support of his appeal. After two extensions of time were granted, the City of Gulfport, as Appellee, on February 28, 1980, filed its brief in the Circuit Court. And there the matter lay until September 2, 1981  a period of some 578 days. We take judicial notice that the Circuit Court of the First Judicial District of Harrison County, Mississippi, holds a term every month.[1] The net effect of this is that the court is almost continuously in session. Between the filing of Appellee's brief and the September 2, 1981, order, some 19 terms came and went.
Without prior notice as to when the parties might expect a ruling, the Circuit Court on September 2, 1981, entered its order affirming the decision of the Civil Service Commission. For reasons explained by the parties as "inadvertent error", no notice of this ruling was given at the time. In fact, it was not until October 15, 1981, that the parties had any actual knowledge of the September 2, 1981, order.[2]
In the meanwhile, the September, 1981, term of Circuit Court had come and gone  having begun on September 14, 1981, and having ended on October 2, 1981.[3] On October 23, 1981, approximately one week after receiving advice that the Court had ruled upon the appeal, Saxton filed in the Circuit Court a motion to vacate and reconsider.
On February 5, 1982, the Circuit Court granted the motion to reconsider and reversed. On the merits the Circuit Court vacated the order of the Civil Service Commission and ordered Saxton reinstated with full back pay. In pertinent part, the Circuit Court found that through oversights or mistakes neither party was notified of the order of September 2, 1981. The Circuit Court expressly provided that the September 2, 1981, order should be treated for all purposes as having been entered no earlier than October 16, 1981, and that all rights of the parties should be preserved the same as if the order had been entered on that date.
The City of Gulfport has perfected its appeal to this Court and has assigned only one error,[4] to-wit: That the Circuit Court was without jurisdiction to reconsider the September 2 order. We find the assignment of error without merit and affirm.

III.
This case was heard by the Circuit Court within its appellate jurisdiction, a jurisdiction separate and distinct in law from its original jurisdiction. Article 6, Section 156 of the Mississippi Constitution of 1890 provides *1217 that the Circuit Court shall have "such appellate jurisdiction as shall be prescribed by law". The same language is found in Miss. Code Ann. § 9-7-81 (1972): "The Circuit Court shall have ... such appellate jurisdiction as prescribed by law." Nothing in the constitutional power nor the general legislative grant of that power places temporal limits upon the circuit court's exercise of its appellate jurisdiction. Terms of court are not mentioned.
The instant appeal has been taken from the Civil Service Commission of the City of Gulfport. Jurisdiction of such appeals are vested in the Circuit Court by virtue of Miss. Code Ann. § 21-31-23 (1972), which provides in pertinent part:
If such judgment or order be concurred in by the [Civil Service] Commission or a majority thereof, the accused may appeal therefrom to the circuit court of the county wherein where he resides... . The said circuit court shall thereupon proceed to hear and determine such appeal... . Such hearings shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension made by the Commission, was or was not in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.
The statute makes no reference to whether the appeal ought be heard in term time or in vacation or either. It would certainly be consonant with common sense for the legislature to have considered that in civil service appeals terms of court were irrelevant.
Rule 4.04 of our Uniform Circuit Court Rules provides:
Appeals shall be heard at any time during term time or during vacation upon agreement of the parties in all cases where compatible with the statute or not prohibited thereby. [Emphasis added.]
Under Rule 4.04 the Circuit Court was entitled to hear Saxton's appeal as though there were no terms of court, as though the court were continuously in session. There is nothing in the civil service appeals statutes in any way prohibiting the hearing of said matters in vacation. Miss. Code Ann. §§ 21-31-23, and -71 (1972). Considering such cases without regard to the opening and closing of court terms was, in the words of Rule 4.06, both "compatible with the statute" and "not prohibited thereby".
The Circuit Court of the First Judicial District of Harrison County was acting within its appellate jurisdiction as a true appellate court.[5] Whatever stringencies and formalities flowing from our notion of terms of court apply when the court is acting originally, not as an appellate court. Appellate proceedings are simply different.
Parties to an appellate proceeding may reasonably expect notification from the court or its clerk when a ruling is made. We know of no appellate court which requires that parties police the docket and fail to do so at their peril. Billy D. Saxton and the City of Gulfport in the 18 months prior to September 2, 1981, had every reasonable expectation that each would be notified by the court when a decision on the appeal had been made. In this context, it would be intolerable to subject Saxton to prejudice and the loss of the rights he has subsequently won because he took no action between September 2 and October 15. Such as result would smack of a violation of due process.
The City of Gulfport nevertheless strenuously urges that the Circuit Court was without jurisdiction  absolutely without legal power  to enter the October 23 order; and that, accordingly, the September 2, 1981, order became final at the expiration of the September term of court, subject to review only via further appeal to this Court.[6] Here the City invokes the general *1218 rule that, when a final judgment is entered during a regular term and the court adjourns, the trial court no longer has jurisdiction over the subject matter of the case. Evers v. Truly For the Use and Benefit of the Town of Fayette, 317 So.2d 414, 416 (Miss. 1975). The City charges that the Circuit Court is powerless to act in vacation unless is specifically authorized to do so by statute, cf., Sperier v. Ward, 233 So.2d 823, 825 (Miss. 1970), and that there is no statutory authorization for the action taken by the Circuit Court in this case. United States Fidelity & Guaranty Co. v. Strange, 360 So.2d 682 (Miss. 1978) holds that the authority of an order taking a matter under consideration for decision in vacation ended with the commencement of an intervening term of circuit court, and that a final judgment which was entered, in vacation, subsequent to that date was null and void.
These cases and the rules of law they recite and enforce have application only where the circuit court is sitting as a court of original jurisdiction. We here hold that, when a circuit court is sitting as an appellate court and is acting in the exercise of its appellate jurisdiction, terms of court are of no consequence. Specifically, the expiration of a term of court has no effect upon the power of a circuit court qua appellate court to conduct such proceedings and to make and enter such orders as may otherwise be appropriate.[7]
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] Miss. Code Ann. § 9-7-9 (Supp. 1982).
[2] On October 15, 1981, the Circuit Clerk addressed a letter to the parties stating in pertinent part:

Gentlemen:
Enclosed please find a certified copy of the order entered by Judge J. Ruble Griffin on September 2, 1981, affirming the order of the Civil Service Commission in the above styled and number cause.
When Judge Griffin gave this order to me, he did not instruct me to send copies, and the matter entirely slipped my mind. The order was entered on the minutes on September 2, 1981, in Minute Book 77, page 363, and no copies were sent to the attorneys involved. I have spoken with Judge Griffin today and he advises me to send the copies to you with this letter explaining the circumstances. He also told me to add that if the Appellant wishes to appeal the case to the Supreme Court, the Judge will enter the necessary order allowing the appeal.
[3] See Miss. Code Ann. § 9-7-9 (Supp. 1982).
[4] The merits of the Circuit Court's judgment of reversal have not been challenged and are not before us.
[5] See City of Meridian v. Davidson, 211 Miss. 683, 695, 53 So.2d 48 (1951); Stegall v. City of Meridian, 230 Miss. 176, 92 So.2d 331 (1957).
[6] No appeal was taken from the September 2, 1981, order within the time allowed by law. Accordingly, that right has been extinguished.
[7] We have been made aware of no rule which would provide a time limit within which an unsuccessful appellant must file his petition for rehearing in the circuit court. Because the Circuit Court determined that it would hear and grant Saxton's petition for rehearing, the matter need not detain us. It would, perhaps, be appropriate that some such rule be adopted. Compare this Court's 15 day rule. Rule 14(a), Miss.Sup.Ct.Rules.