# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CC-01296-SCT

*MARY B. BANKSTON*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY*
*COMMISSION*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/94 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C. EVERETTE BOUTWELL |
| ATTORNEY FOR APPELLEE: | JAN D. GARRICK |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES (OTHER THAN WORKER'S COMPENSATION) |
| DISPOSITION: | AFFIRMED - 2/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

## SUMMARY

Mary B. Bankston was denied unemployment benefits by the Mississippi Employment Security Commission, which held that she voluntarily quit her job without cause. The MESC's decision was affirmed by the Circuit Court of Smith County. Bankston moved the court to set aside the judgment. Bankston was subsequently notified by letter that the circuit court had decided to re-affirm the decision of the MESC; however, she was not provided a copy of the final judgment that was entered. Sixteen months after the circuit court's entry of final judgment in the matter, Bankston filed her motion to vacate final judgment, which was denied. Aggrieved by the circuit court's ruling on the matter, Bankston appeals, raising the following as error:

**I. WHETHER WHEN THE CLERK'S OFFICE DOES NOT MAIL COPIES OF FINAL**

**JUDGMENTS AND ORDERS TO ATTORNEYS FOR THE PARTIES AT THE TIME OF FILING, BECAUSE A SPECIFIC REQUEST TO DO SO WAS NOT MADE BY THE ATTORNEYS, THE PARTIES ARE TIME BARRED FROM FILING AN APPEAL,**

**II. WHETHER THE CIRCUIT COURT ERRED BY ENTERING ITS ORDER DENYING APPELLANT'S MOTION TO VACATE ITS FINAL JUDGMENT RE-AFFIRMING THE DENIAL OF BENEFITS, AND**

**III. WHETHER THE CIRCUIT COURT ERRED BY AFFIRMING THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION TO DENY UNEMPLOYMENT BENEFITS TO MARY B. BANKSTON.**

It is the opinion of this Court that the circuit court, acting in its appellate capacity, committed no error in the present case and, therefore, each of these assignments of error is without merit.

## STATEMENT OF THE CASE

Bankston filed an initial claim for unemployment benefits on December 4, 1991, claiming that she had voluntarily quit work on August 24, 1991. Her claim was denied by a claims examiner and Bankston timely appealed to the MESC. A hearing was held before a referee where documentary evidence and testimony were received. The referee found Bankston disqualified from receiving benefits and affirmed the decision of the claims examiner.

Bankston appealed to the MESC Board of Review which, without a hearing, reviewed the matter on the record presented, and the Board subsequently affirmed the decision of the referee, denying Bankston benefits. Aggrieved by this adverse decision, Bankston petitioned the Circuit Court of Smith County to review the decision of the MESC Board of Review.

The circuit court, in its appellate capacity, reviewed the MESC record and on July 13, 1992, found the decision of the Board of Review to be "supported by substantial evidence and the applicable law." Bankston filed a motion to set aside judgment on June 27, 1992, which was denied by the court's final judgment entered on December 21, 1992.

Although Bankston did not receive a copy of the final judgment when entered, nor did she request a copy pursuant to local rules, she did receive notice by letter from the Clerk of the Circuit Court of Smith County that the court was going to re-affirm the MESC's decision.

On March 7, 1994, Bankston filed her motion to vacate final judgment, which was subsequently denied on November 28, 1994. Aggrieved by the court's decision in the matter, Bankston filed this appeal on February 23, 1995.

## STATEMENT OF THE FACTS

Appellant Bankston worked for Nita's Kwik Kurb for twenty-three years as a cashier/assistant manager. At the time this case began, she was fifty-eight years of age. Bankston left her employment in August, 1991, and filed for unemployment benefits effective December 1, 1991.

Kwik Kurb responded in writing to the MESC that Bankston had voluntarily quit. Bankston was interviewed by the MESC and allegedly told the interviewer that the store owner had repeatedly told her to sell cigarettes to minors, which she refused to do. Bankston eventually did sell cigarettes to a minor and was charged with selling tobacco products to a minor. Bankston was eventually found not guilty of the offense. Bankston also reported that she was the target of harassment from a co-worker which went uncorrected by the store owner. Robinson, the owner/employer, was also interviewed and alleged that he did believe the charge was politically motivated, as he was the mayor and a candidate for the position of tax assessor. He further told the interviewer that he believed the conflict to be resolved but that Bankston's husband had become involved and this made matters worse. One week after the talk with the employees, Bankston turned in her keys.

The interviewer recommended that Bankston's claim be allowed. However, a claims examiner denied her benefits, finding that, although Bankston left her employment due to working conditions, she had not shown that the working conditions were a detriment to her health, safety or morals. Bankston appealed.

A series of appeals proved unsuccessful and the matter eventually was affirmed by the Circuit Court of Smith County. That decision is the subject of this appeal.

## STANDARD OF REVIEW

Motions for relief from judgment are generally addressed to the sound discretion of the trial court, and appellate review is limited to whether that discretion has been abused. *State ex rel. Mississippi Bureau of Narcotics v. One (1) Chevrolet Nova Auto*, 573 So. 2d 787 (Miss. 1990); *Stringfellow v. Stringfellow*, 451 So. 2d 219 (Miss. 1984).

The scope of review of the findings of an administrative agency is well established. The reviewing court will entertain the appeal to determine whether or not the order of the administrative agency 1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party. These are the only grounds for overturning an agency action; otherwise the agency's determination must remain undisturbed. *Mississippi Employment Security Comm'n v. Harris*, 672 So. 2d 739 (Miss. 1996); *Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So. 2d 1211, 1215 (Miss. 1993).

## DISCUSSION OF THE LAW

**WHETHER WHEN THE CLERK'S OFFICE DOES NOT MAIL COPIES OF FINAL JUDGMENTS AND ORDERS TO ATTORNEYS FOR THE PARTIES AT THE TIME OF FILING, BECAUSE A SPECIFIC REQUEST TO DO SO WAS NOT MADE BY THE ATTORNEYS, THE PARTIES ARE TIME BARRED FROM FILING AN APPEAL.**

Appellant Bankston argues that "parties have a right to know when a final order or judgment is entered." Bankston argues further that she "should not have to police the docket in order to find out when a final order or judgment is entered."

Bankston contends that, as a result of the Smith County Circuit Court's policy not to provide copies

of such documents unless requested, it was sixteen months after its entry that she discovered that the judgment had been entered, thus necessitating the filing of an untimely motion to set aside final judgment and the untimely appeal to this Court.

Bankston relies on this Court's decision in *City of Gulfport v. Saxton*, 437 So. 2d 1215 (Miss. 1983), as authority for the circuit court's error in failing to provide copies and the court's ultimate denial of her untimely motion to vacate. Citing *Saxton*, she argues that:

> [w]hen a trial court sits as an appeals court, the parties to an appellate proceedings [sic] may reasonably expect notification from the court or its clerk when a ruling is made, without the parties having to police the docket as to its final entry . . . .

This Court in *Saxton* held that:

> Parties to an appellate proceeding may reasonably expect notification from the court or its clerk when a ruling is made. We know of no appellate court which requires that parties police the docket and fail to do so at their peril. Billy D. Saxton and the City of Gulfport in the 18 months prior to September 2, 1981, *had every reasonable expectation that each would be notified by the court when a decision on the appeal had been made.* In this context, it would be intolerable to subject Saxton to prejudice and the loss of the rights he has subsequently won because he took no action between September 2 and October 15. Such as (sic) result would smack of a violation of due process.

*City of Gulfport v. Saxton*, 437 So. 2d 1215, 1217 (Miss. 1983) (emphasis added).

This assignment of error is without merit. Bankston's counsel admits in her brief that she was notified by letter from the circuit court clerk that the court had decided to re-affirm the decision of the MESC denying benefits to Bankston. Her counsel admits further that "in this cause, the Smith County Circuit Court verbally announced at a motion hearing in this cause, that in this jurisdiction they do not send out notice or copies unless requested", and that "[Bankston's] counsel did not specifically request the clerk to send a copy of the final judgment when filed. The reason the request was not made was that counsel was not aware of the Smith County Circuit Court's policy to not furnish copies of final orders and judgments unless requested."

In the present case, Bankston filed her appeal of the adverse decision of the MESC in the Circuit Court of Smith County on May 6, 1992. On July 9, 1992, she received a letter from the circuit court clerk's office advising the parties that the decision of the MESC would be affirmed. The circuit court's order was subsequently filed on July 13, 1992. Bankston filed her motion to set aside judgement on July 24, 1992. By letter dated November 18, 1992, the circuit court directed the court clerk to advise the parties that the decision of the MESC would be re-affirmed. The order was subsequently entered on December 21, 1992. Bankston's counsel admits that she received notice from the clerk's office of this decision.

Bankston alleges further that she did not receive notice that the final judgment had been entered until March 3, 1994. She subsequently filed her untimely motion to vacate final judgment on March 7, 1994, which was denied by the court on November 28, 1994.

It is the responsibility of each party to be familiar with the rules of the courts in which they elect to practice. It is also their responsibility to track their cases and follow through on motions they have filed. Bankston had the responsibility to check upon her motions to see that a ruling was obtained. It is the affirmative duty of the party bringing the motion to follow up her action by bringing it to the attention of the court. ***Cossitt v. Federated Guaranty Mutual Ins. Co.***, 541 So. 2d 436 (Miss. 1989). In the present case, Bankston had notice that a decision had been made to re-affirm the MESC's decision. ***Saxton*** requires no more. Upon receipt of the clerk's notification letter, Bankston should have then filed her appeal of the adverse decision. Periodic phone calls or a request made to the clerk, upon receipt of the re-affirmance notice, to forward Bankston a copy of the order upon entry were reasonable and could also have prevented the untimely motion to vacate judgment. To wait almost two years before filing her motion for relief or an appeal is unreasonable. Bankston's motion to vacate judgment was out of time as is this appeal. Accordingly, this assignment of error is without merit and warrants Bankston no relief.

## WHETHER THE CIRCUIT COURT ERRED BY ENTERING ITS ORDER DENYING APPELLANT'S MOTION TO VACATE ITS FINAL JUDGMENT RE-AFFIRMING THE DENIAL OF BENEFITS.

Bankston's argument fails under reasoning similar to that discussed in the previous assignment of error. Bankston could have, and should have, been more diligent in pursuing a response from the court on her motion to set aside the judgment affirming the MESC. Bankston received notice of the court's re-affirmation of the MESC's decision and failed to properly follow up. The court did not abuse its discretion in denying Bankston's motion to vacate judgment. Such post-trial motions are left to the discretion of the court, and her dilatory actions are owed no such relief without a showing of exceptional circumstances. Therefore, this assignment is without merit and warrants no relief.

## WHETHER THE CIRCUIT COURT ERRED BY AFFIRMING THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION TO DENY UNEMPLOYMENT BENEFITS TO MARY B. BANKSTON.

Because Bankston's appeal is out of time, this assignment of error need not be addressed at length. Miss. Code Ann. § 71-5-513 provides that an individual shall be disqualified for unemployment benefits if she voluntarily left work without good cause. Under Miss. Code Ann. § 71-5-511 (1972), an individual need only show that she has been paid wages during a base period for insured work, that she is unemployed and registered for work, and that she "is able to work and is available for work" in order to be eligible for unemployment benefits. Section 71-5-513 provides for certain disqualifications for persons otherwise eligible, including the disqualification for leaving work voluntarily without "good cause." In this jurisdiction, the burden of proof is on the claimant to show that she left work voluntarily with good cause to avoid disqualification. Miss Code Ann. § 71-5-513A(1)(c).

Bankston left her job in August, 1991. She filed an initial claim for benefits under the Mississippi Employment Security Law that December. At the time of filing her claim, Bankston gave "voluntary quit" as her reason for separation. Her claim was disqualified by a claims examiner pursuant to § 71-5-513A(1)(a) on the grounds that she left work voluntarily without good cause. Bankston appealed and a hearing was held before a referee.

The referee, based upon the record and witness testimony, found that Bankston

> had an ongoing conflict with a fellow employee and had complained several times to the employer that she was being verbally harassed by the other employee. The employee was rude to [Bankston] and would talk about [her]. The employer told [Bankston] several times that they would take care of the situation but the situation continued. On August 19, 1991, the other employee cursed at [Bankston] for no apparent reason and [she] reported the incident to the employer. The employer talked with [Bankston] and with the other employee on that day and the situation seemed to improve. The employee did not harass [Bankston] after that day but [Bankston] felt that something else would probably happen and [she] decided to quit her job. On August 24, 1991, [Bankston] voluntarily left her job. Work was available for [Bankston] at the time she left and [she] was not under the threat of discharge.

The referee then provided the following opinion.

> Section 71-5-513 A(1)(a) of the Law provides that an individual shall be disqualified for benefits if he left work voluntarily without good cause.

> The claimant [Bankston] voluntarily left her employment because of a conflict with another employee. [Bankston] had complained about the situation several times to the employer and the situation seemed to improve. However, [Bankston] decided to voluntarily leave her employment because she thought that something else would happen. It is the opinion of the Referee that good cause within the meaning of the law for voluntarily leaving employment has not been shown. Therefore, the decision of the Claims Examiner is in order.

Bankston filed her notice of appeal of the decision of the claims examiner and the decision of the referee to the MESC Board of Review, which subsequently considered Bankston's appeals on the record without further hearing and affirmed the decisions of both the claims examiner and referee.

A careful review of the transcript, as well as documentary evidence presented at the hearing conducted before the referee, evidences substantial evidence to support the findings and conclusions reached by the referee and affirmed by the Board of Review. Therefore, this assignment of error is without merit and warrants no relief.

## CONCLUSION

The circuit court, acting in its appellate capacity, committed no error in the present case. The circuit court did not abuse its discretion in denying Bankston's motion to vacate judgment. Nor did the court err in affirming the actions of the MESC, finding them supported by substantial evidence and the applicable law. Therefore, each of these assignments of error is without merit and none warrant Bankston any relief.

Accordingly, the judgment of the Circuit Court of Smith County denying Bankston's motion to vacate final judgment is affirmed.

**AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND**

**MILLS, JJ., CONCUR.**